Michael J. Nuñez, Esq.
Nevada Bar No. 10703
Bryan J. Ure, Esq.
Nevada Bar No. 11004
Dustun H. Holmes, Esq.
Nevada Bar No. 12776
**MURCHISON & CUMMING, LLP**
6900 Westcliff Drive, Suite 605
Las Vegas, Nevada  89145
Telephone: (702) 360 3956
Facsimile: (702) 360 3957
mnunez@murchisonlaw.com
bure@murchisonlaw.com
dholmes@murchisonlaw.com

Attorneys for Plaintiff
STARR INDEMNITY & LIABILITY
COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>               Plaintiff,<br><br>    vs.<br><br>LIMMIE YOUNG, III, an Individual; STACEY ACKERMANN, an Individual; AUDRA L. DUVALL, an Individual; MICHAEL JOHN DUVALL, an Individual; APOSSEADESSE III, LLC dba MASSAGE ENVY SPA, a Nevada Corporation,<br><br>             Defendants. | CASE NO.: 2:14-CV-00239-MMD-NJK<br><br>**STARR INDEMNITY & LIABILITY COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

/ / /

/ / /

/ / /

1

1  **STARR INDEMNITY & LIABILITY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

2      COMES NOW Plaintiff, STARR INDEMNITY & LIABILITY COMPANY ("Starr"), by and

3  through its attorneys, the law firm of Murchison & Cumming, LLP, and hereby files its Motion for

4  Summary Judgment.

5      This motion is based on the Memorandum of Points and Authorities, all of the pleadings

6  and papers on file herein, and such argument as the Court may allow at the hearing of Plaintiff's

7  Motion.

8      DATED: May 1, 2014

9                               **MURCHISON & CUMMING, LLP**

10

11                      By    */s/ Dustun H. Holmes*

12                          Michael J. Nuñez, Esq.
                             Nevada Bar No. 10703

13                          Bryan J. Ure, Esq.
                             Nevada Bar No. 11004

14                          Dustun H. Holmes, Esq.
                             Nevada Bar No. 12776

15                          6900 Westcliff Drive, Suite 605
                             Las Vegas, Nevada  89145

16                          Attorneys for Plaintiff
                        STARR INDEMNITY & LIABILITY COMPANY

17

18

19

20

21

22

23

24

25

26  / / /

27  / / /

28  / / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This declaratory relief action brought by Starr seeks a declaration by the Court that upon the policy of insurance issued by Starr, there exists no duty to defend or indemnify its insured Limmie Young, III in two underlying lawsuits pending in the Eighth Judicial District Court of Nevada. Starr undertook Young's defense in the two underlying actions discussed more below, subject to a reservation of rights, including the right to file this action seeking a declaration of the Court that no coverage exists for the claims asserted against Young under the terms and provisions of the Starr policy.

Defendants Stacey Ackermann, Audra Duvall, John Duvall, and Aposseadesse III, LLC are not parties to the insurance contract and are not a Starr insured. However, these Defendants were specifically named in this declaratory relief action as to the extent they are necessary parties to determine insurance coverage for the claim. Based upon the allegations contained within the underlying complaints, both Stacey Ackermann and Audra Duvall allege that Young inappropriately touched and sexually assaulted them while undergoing a massage at Aposseadesse III, LLC dba Massage Envy, where Young was employed at the time.

Regardless of the truth or falsity of the allegations raised against Young, when the allegations of the underlying complaints are compared to the language of the Starr policy, it is beyond a doubt that there is no coverage under the Starr policy. Therefore, declaratory relief is available as set forth below.

**II.**

**STATEMENT OF FACTS**

A.    **The Starr Policy.**

At the time of the incidents described below, there was a participant General Liability Policy numbered P3GL-100000-03, underwritten by Starr Indemnity & Liability Company and

issued to Sports and Recreation Providers Association Purchasing Group which contains a Certificate of Insurance reflecting that Limmie Young, III (Young) as an insured ("Starr Policy").[1] The Starr policy had an applicable policy period from June 16, 2010 to June 16, 2011. The Starr policy only provides coverage as follows in the insuring agreement:

**SECTION I COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   **Insuring Agreement**

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:…

   b.   This insurance applies to "bodily injury" and "property damage" only if:

      **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)**   The "bodily injury" or "property damage" occurs during the policy period; …

The Starr policy contained an "expected or intended injury" exclusion that provides the following:

2.   **Exclusions**

   This insurance does not apply to:…

   a.   **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

/ / /

---

[1] Starr Policy, attached as Exhibit A, Bates No. STARR000001-46.

The Starr policy provides the following definition of "bodily injury" and "occurrence."

**SECTION V – DEFINITIONS**

    **3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

   **13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

In addition to the standard policy form, the Starr policy contained the following abuse and molestation exclusion and assault and battery exclusion

**ABUSE OR MOLESTATION EXCLUSION**, which provides, in pertinent part:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1     The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

2.    The negligent:
    a. Employment;
    b. Investigation;
    c. Supervision;
    d. Reporting to the proper authorities, or failure to so report; or
    e. Retention;
    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.
…

**EXCLUSION – ASSAULT AND BATTERY**, which provides, in pertinent part:

**2. Exclusions**

This insurance does not apply to:

**Assault and Battery**

"Bodily injury", "property damage" or "personal and advertising injury" arising from the following:

(1)    assault and battery or any act or omission in connection with the prevention or suppression of such acts; or
(2)    harmful or offensive contact between or among two or more persons; or
(3)    apprehension of harmful or offensive contact between or among two or more persons; or
(4)    threats by words or deeds.

This exclusion applies regardless of the degree of culpability or intent and without regard to:

(1)    whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents or servants; or

by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or by any other person;

(2)     the alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;

(3)     the alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct.

This exclusion also applies to any claims by any other person, firm or organization, asserting rights derived from or contingent upon any person asserting a claim excluded under subparagraphs 1, 2 or 3 (above); specifically excluding from coverage claims for:

(1)     emotional distress or for loss of society, services, consortium and/or income; or

(2)     reimbursement for expenses (including but not limited to medical expenses, hospital expenses and wages) paid or incurred by such other person, firm or organization; or

(3)     any obligation to share damages with or repay someone who must pay damages because of the injury.

## B.     The Underlying Actions.

Young tendered his respective defenses and requested indemnity as it relates to the following underlying lawsuits against him: *Audra L Duvall, et al., v. Aposseadessee III, LLC, Limmie Young, III, et al.*,   Clark County District Court Case number A-13-681072-C[2]   ("The Duvall Underlying Action") and *Stacy Ackermann., v. Aposseadessee III, LLC, Limmie Young, III, et al.*,   Clark County District Court Case number A-13-678512-C[3] ("The Ackerman Underlying Action").  Starr undertook Young's defense in The Duvall Underlying Action and The Ackerman Underlying Action under a reservation of rights, including the right to file this action seeking a declaration of the Court that no coverage exists for the claims asserted against Young under the terms and provisions of the Starr policy.

The Duvall Underlying Action and The Ackermann Underlying Action allege the following critical facts. According to the Complaint filed by Audra L. Duvall and Michael John Duvall (collectively "The Duvalls"), on or about May 8, 2011, while undergoing a massage, Young

---

[2] *Audra L Duvall, et al., v. Aposseadessee III, LLC, Limmie Young, III, et al.*, Complaint, attached as Exhibit B, Bates No.  STARR000060-85.

[3] *Stacy Ackermann., v. Aposseadessee III, LLC, Limmie Young, III, et al.*, Complaint, attached as Exhibit C, Bates No. STARR000047-59.

inappropriately touched and sexually assaulted Audra Duvall. The Duvall Underlying Action alleges that pertinent allegations regarding the sexual assault:

¶ 10.   "At all times mentioned herein, and particularly on or about May 8, 2011, Plaintiff was a guest, client, and invitee of MASSAGE ENVY at its Centennial Gateway location, located at 5643 Centennial Center Blvd., Ste. 135, Las Vegas, Nevada 89149."

¶ 13.   "MASSAGE ENVY selected YOUNG to perform Plaintiff's massage."

¶ 23.   The modesty blanket had become dislodged with the stretching exercises, exposing her genitalia and buttocks.

¶ 23.   When Young performed the stretching exercises, Plaintiff felt YOUNG lean into said stretches with his pelvis which caused YOUNG's genitalia and pelvis to repeatedly make contact with Plaintiff's genitalia.

¶ 24.   YOUNG placed his erect penis on Plaintiff's hand. YOUNG was sexually aroused.

¶ 30.   Young sexually assaulted Audra Duvall by "exposing Plaintiff's private areas, including her breasts, vagina, and buttocks multiple times, by touching Plaintiff's breasts without authorization or consent, by YOUNG placing his pubic area and pushing into the same multiple times all the while making comments with sexual undertones in an attempt to sexually arouse the Plaintiff and/or for sexual gratification of YOUNG, making advances which were sexual in nature, and by YOUNG placing his erect penis onto Plaintiff's hand; all which was done for sexual gratification of YOUNG…and all of which was done without prior notice, prior consent, and/or the prior approval and/or agreement of Plaintiff."

¶ 82.   "YOUNG impermissibly engaged in lewd and lascivious acts with Plaintiff, without Plaintiff's consent or permission. YOUNG also directly and/or indirectly caused Plaintiff's genitalia, buttocks, and breasts to become exposed numerous times and/or failed to take steps to avoid the unnecessary exposure of Plaintiff's genitalia, buttocks, and breasts. Finally, YOUNG made unwanted and impermissible physical contact with the Plaintiff; including, contact with Plaintiff's genitalia and breasts and by placing his penis in Plaintiff's hand."

¶ 93.   "That the Defendants negligently and/or intentionally caused the Plaintiff to feel apprehension of harmful or offensive contact when Defendants unlawfully engaged in lewd or

lascivious acts sexual in nature, touched Plaintiff breasts and genitalia without permission or consent, exposing Plaintiff's breasts and genitalia without permission or consent, and placing YOUNG's penis on Plaintiff's hand without permission."

¶ 100. "That the Defendants negligently and/or intentionally made physical contact with the Plaintiff when Defendants unlawfully engaged in lewd or lascivious acts sexual in nature, touched Plaintiff breasts and genitalia without permission or consent, exposing Plaintiff's breasts and genitalia without permission or consent, and placing YOUNG's penis on Plaintiff's hand without permission."

Based upon the foregoing factual counts, the Duvalls' allege the following causes of action against Young:

1.    Negligence

2.    Gross Negligence

3.    Negligence Per Se

4.    Negligent Infliction of Emotional Distress

5.    Intentional Infliction of Emotional Distress

6.    Civil Assault

7.    Civil Battery

8.    Loss of Consortium

The remaining causes of action are directed to Apposeadess III, LLC dba Massage Envy Spa for breach of contract, tortious & contractual breach of the implied covenant of good faith & fair dealing, negligent hiring/training/supervision/retention, respondeat superior/vicarious liability, and declaratory relief.

Similarly, according to the Complaint filed by Stacey Ackermann, on or about May 21, 2011, while undergoing a massage, Young inappropriately touched and sexually assaulted her. The Ackermann Underlying Action alleges that pertinent allegations regarding the sexual assault:

/ / /

/ / /

¶ 10.   "On or about May 21, 2011, Plaintiff STACEY ACKERMANN (hereinafter "STACEY") was a business invitee at the Defendant APOSSEADESSE III, LLC's establishment located at 5643 Centennial Center Blvd., Ste. 135, in Las Vegas, Nevada."

¶ 11.   "On that date, while undergoing a massage, Defendant LIMMIE YOUNG III, proceeded to initiate unwanted, harmful and offensive sexual contact against Plaintiff."

¶ 24.   "Defendant LIMMIE YOUNG III by unlawfully initiating unwanted, harmful and offensive sexual contact against Plaintiff, intentionally subjected Plaintiff to severe emotional distress."

¶ 30.   Defendant LIMMIE YOUNG III was acting within the course and scope of his employment, service, or agency with Defendant APOSSEADESSE III, LLC, dba MASSAGE ENVY SPA

¶ 41.   The acts and gross conduct of Defendant LIMMIE YOUNG, III and Defendant , APOSSEADESSE III, LLC, d/b/a MASSAGE ENVY SPA, as herein alleged, were intended to cause harm and injury to Plaintiff, as Defendant engaged in despicable and egregious conduct with a willful and conscious disregard of the rights of Plaintiff.

¶ 42.   As a direct and proximate causes of the gross negligence and conduct of Defendant's unwanted, harmful and offensive sexual contact upon her person, Plaintiff was seriously injured and caused to suffer intense physical and mental pain, shock and agony, some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages.

Based upon the foregoing factual counts, Stacey Ackermann alleges the following causes of action against Young:

      1.     Negligence

      2.     Negligence Per Se

      3.     Intentional Infliction of Emotional Distress

      4.     Punitive Damages

      5.     Res Ipsa Loquitor

1   The remaining causes of action are directed to Aposseadess III, LLC dba Massage Envy
2   Spa for respondeat superior, and negligent hiring, training and supervision.

3                                             **III.**

4                                    **LEGAL STANDARDS**

5   **A.      Motion for Summary Judgment Standard.**

6          Federal Rule of Civil Procedure 56 provides that summary judgment shall be rendered
7   forthwith if depositions, documents, affidavits, admissions, interrogatory answers, or other
8   materials show that "there is no genuine dispute as to any material fact and that the movant is
9   entitled to judgment as a matter of law."  See Fed.R.Civ.P. 56(a); see also Celotex Corp. v.
10  Catrett, 477 U.S. 317, 322 (1986). Any dispute regarding a material issue of fact must be
11  genuine – meaning that the evidence must be such that "a reasonable jury could return a
12  verdict for the nonmoving party." Freecycle Sunnyvale v. Freecycle Network, 626 F.3d 509, 513
13  (9th Cir. 2010). "Where the record taken as a whole could not lead a rational trier of fact to find
14  for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper.
15  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587; 106 S.Ct. 1348; 89
16  L.Ed.2d 538 (1986).

17         The moving party bears the initial burden of showing the absence of a genuine issue of
18  material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to
19  set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita , 475 U.S.
20  at 587.

21         All justifiable inferences must be viewed in the light must favorable to the nonmoving
22  party. Id. However, the nonmoving party may not rest upon the mere allegations or denials of
23  his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary
24  materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v.
25  Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of
26  controversy in favor of the non-moving party where the facts specifically averred by that party
27  contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S.
28  871, 888 (1990); see also Anheuser–Busch, Inc. v. Natural Beverage Distribs ., 69 F.3d 337,

345 (9th Cir.1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir.1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir.2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

**B.    Rules of Insurance Policy Interpretation.**

The question of the interpretation of a contract when facts are not disputed is a question of law." Grand Hotel Gift Shop v. Granite State Ins. Co., 108 Nev. 811, 839 P.2d 599, 602 (1992). An insurance policy is a contract, "construed as written absent any ambiguity." Siggelkow v. Phoenix Ins. Co., 109 Nev. 42 (1993). "A[n] [insurance] policy is also judged as a whole: a court must look 'to the entire contract ... for a true understanding of what risks are assumed by the insurer and what risks are excluded.' " Montana Ref. Co. v. Nat'l Union Fire Ins. Co., 918 F.Supp. 1395, 1397 (D. Nev. 1996) (quoting Nat'l Union Fire Ins. Co. v. Reno's Executive Air, 100 Nev. 360, 682 P.2d 1380, 1383 (1984)). "[T]he court will not 'rewrite' the terms of the contract." Montana Ref. Co., 918 F.Supp. at 1398 (quoting State Farm Mut. Auto. Ins. Co. v. Cramer, 109 Nev. 704, 857 P.2d 751, 755 (1993)).

Under Nevada law, an insurer has a duty to defend its insured whenever there is potential for coverage. Bidart v. Am. Title, 734 P.2d 732, 734 (Nev. 1987). In other words, "[a]n insurer ... bears a duty to defend its insured whenever it ascertains facts which give rise to a potential for coverage under the policy." United Nat'l Ins. Co. v. Frontier Ins. Co., 120 Nev. 678, 99 P.3d 1153, 1158 (2004). However, "the duty to defend is not absolute. A potential for coverage only exists when there is arguable or possible coverage. Determining whether an

insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy." Id. Further, because the duty to defend is broader than an insurer's duty to indemnify, if a court determines that there is no duty to defend, the insurer will not have a duty to indemnify. Id. at 684.

In examining the complaint, the focus is not on "the technical legal cause of action" but rather on the potential for liability as revealed by the facts alleged. CNA Cas. of California v. Seaboard Sur. Co., 176 Cal.App.3d 598, 606–07, 222 Cal.Rptr. 276 (1986).[4]

### IV.

### ARGUMENT

**A.** **Defendants Stacey Ackermann, Audra Duvall, John Duvall, and Aposseadesse III, LLC are only named in this action because they are considered necessary parties.**

Starr has brought this declaratory relief action seeking a judicial determination regarding the rights and responsibilities under an insurance contract between Starr and Defendant Young. Defendants Stacey Ackermann, Audra Duvall, John Duvall, and Aposseadesse III, LLC are not parties to the insurance contract and are not a Starr insured. See Lumbermen's Underwriting Alliance v. RCR Plumbing, Inc., 114 Nev. 1231, 1235 (1998)(It is well established law that an insurance policy is a contract between the insurer and its insured.); Richard A. Lord, Williston on Contracts vol. 16, § 49.1, Contractual Nature of Insurance Contracts (Eagan, MN, 4th ed., Thomson West 2000)(cases holding the same). Nonetheless, these Defendants where specifically named in this declaratory relief action as it is well-settled that individuals in the position of these Defendants are generally considered necessary parties in a declaratory action brought to determine insurance coverage for the claim. See, e.g., Greenberg v. Fireman's Fund Ins. Co., No. CV-07-1554-PHX-DGC, 2007 WL 4105990, (D.Ariz. Nov. 16, 2007) (citing U.S. Fire Ins. Co. v. Milton Co., 938 F.Supp. 56, 57 (D.D.C.1996); Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354 n. 5 (3rd Cir.1986) ("[I]n a declaratory judgment proceeding

---

[4] "In the context of interpreting insurance policy terms, the Nevada Supreme Court has often looked to persuasive precedent from other jurisdictions, especially California." Zurich Am. Ins. Co. v. Coeur Rochester, Inc., 720 F.Supp.2d 1223, 1235 (D.Nev.2010).

1  involving an [insurance] policy, an injured person is a 'necessary and proper' party.") (citation

2  omitted); <u>U.S. Fid. and Guar. Co. v. Ditoro</u>, 206 F.Supp. 528, 532-33 (M.D.Pa.1962) (the injured

3  party is "a necessary and proper party because the injured party has a material interest in the

4  outcome of the suit"); <u>Georgia-Pacific Corp. v. Sentry Select Ins. Co.</u>, No. 05-CV-826-DRH,

5  2006 U.S. Dist. LEXIS 33975, at *26, 2006 WL 1525678, at *8 (S.D.Ill. May 26, 2006) ("[W]hen

6  dealing with an issue of insurance coverage, the underlying claimants are necessary parties,

7  whether the declaratory judgment action is filed by the insured or the insurer.")).

8  **B.     Coverage is excluded under the Abuse and Molestation Exclusion.**

9       The Starr Policy excludes coverage for "bodily injury" "arising out of [t]he actual or

10  threatened abuse or molestation by anyone of any person while in the care custody or control of

11  any insured."  The terms "abuse" and "molestation" are undefined in the policies and thus take

12  "their plain, ordinary and popular connotations."  <u>See American Express Ins. Co. v. MGM Grand

13  Hotels, Inc.</u>, 102 Nev. 601, 604 (1986).  "Abuse" is defined to "use or treat in such a way as to

14  cause damage or harm" or to "treat with cruelty or violence, especially regularly or repeatedly."

15  Oxford Dictionaries (2013).  "Molestation" is defined as "assault or abuse (a person, especially

16  a woman or child) sexually."  <u>Id.</u>  The words "abuse" and "molest" are commonly used to

17  describe unwanted sexual contact. <u>Community Action for Greater Middlesex County, Inc. v.

18  American Alliance Ins. Co.</u>, 254 Conn. 387, 401 fn. 15 (Conn. 2000)

19       "Arising out of" are "words of much broader significance" than "caused by." <u>Davis v.

20  Farmers Ins. Group</u>, 134 Cal.App.4th 100, 107 (2006). "They mean 'originating from,' 'having its

21  origin in,' 'growing out of or 'flowing from' or in short, 'incident to, or having connection with.' "

22  <u>Id.</u> The exclusion "precludes coverage of any claim" based on or relating to abuse or sexual

23  molestation. <u>See Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co.</u>, 42

24  Cal.App.4th 121, 127 (1996). Thus, exclusions like this one apply "irrespective of the legal

25  theory asserted against the insured." <u>Id.</u> In particular, an insured "cannot rely upon the

26  allegations of negligence to create a potential for coverage." <u>Id.</u> at 128.

27       Here, the Abuse or Molestation Exclusion contained in the Starr Policy clearly acts to

28  exclude coverage for the underlying actions because the plaintiffs in the underlying actions

1    allege their bodily injuries arise out of abuse or molestation by Young while they where in his

2    care custody or control.  See 12th Street Gym, Inc. v. Philadelphia Indem. Ins. Co., 2006 WL

3    1652690 at *2 (Pa.Com.Pl. 2006) (Abuse or Molestation Exclusion bars coverage where adult

4    woman was assaulted by a massage therapist while in insured's massage room and thus, in its

5    care, custody and control). When the allegations of the underlying complaints are compared to

6    the language of the exclusion, it is beyond a doubt that the exclusion applies.

7          In The Duvall Underlying Action, the Duvalls allege that Young sexually assaulted Audra

8    Duvall by "exposing Plaintiff's private areas, including her breasts, vagina, and buttocks multiple

9    times, by touching Plaintiff's breasts without authorization or consent, by YOUNG placing his

10   pubic area and pushing into the same multiple times all the while making comments with sexual

11   undertones in an attempt to sexually arouse the Plaintiff and/or for sexual gratification of

12   YOUNG, making advances which were sexual in nature, and by YOUNG placing his erect penis

13   onto Plaintiff's hand; all which was done for sexual gratification of YOUNG…and all of which

14   was done without prior notice, prior consent, and/or the prior approval and/or agreement of

15   Plaintiff." Thus, the Duvall's allege that Young "intentionally made physical contact with [Audra

16   Duvall] when [Young] engaged in lewd or lascivious acts sexual in nature, touched [Audra

17   Duvall's] breasts and genitalia without permission or consent, exposed [Audra Duvall's] breast

18   and genitalia without permission or consent, and placed YOUNG's penis on [Audra Duvall's]

19   had without permission or consent."

20         Similarly, in The Ackermann Underlying Action, Stacey Ackermann alleges that Young

21   sexually assaulted her by "proceed[ing] to initiate unwanted, harmful and offensive contact

22   against Plaintiff." She alleges that Young "engaged in despicable and egregious conduct"

23   including "harmful and offensive sexual contact upon her person."

24         Regardless of the truth or falsity of the allegations raised against Young, there can be no

25   coverage as a result of Starr's exclusion provision. There is no coverage under the Starr Policy

26   for the actual or threatened abuse or molestation by Young of Audra Duvall and Stacey

27   Ackermann while they were in Young's care, custody or control.  All of the predicated acts that

28   form the basis of The Duvall Underlying Action and The Ackermann Underlying Action arise out

1   of Young's abuse or molestation as both women allege Young initiated unwanted sexual

2   contact upon them during the course of the massage.

3   **C.   Coverage is excluded under the Assault and Battery Exclusion.**

4       The assault and battery exclusion in the Starr policy excludes "bodily injury" arising from

5   the following:

6       (1)   assault and battery or any act or omission in connection with the
        prevention or suppression of such acts; or

7

8       (2)   harmful or offensive contact between or among two or more persons; or

9       (3)   apprehension of harmful or offensive contact between or among two or
        more persons; or

10       (4)   threats by words or deeds.

11       Further, the assault and battery exclusion goes on to provide the following:

12       This exclusion also applies to any claims by any other person, firm or
    organization, asserting rights derived from or contingent upon any person

13       asserting a claim excluded under subparagraphs 1, 2 or 3 (above); specifically
    excluding from coverage claims for:

14

15       (1)   emotional distress or for loss of society, services, consortium and/or income;
        or

16

17       (2)   reimbursement for expenses (including but not limited to medical expenses,
        hospital expenses and wages) paid or incurred by such other person, firm or
        organization; or

18

19       (3)   any obligation to share damages with or repay someone who must  pay
        damages because of the injury.

20       Courts have routinely held that assault and battery exclusions like the one at issue here

21   "preclude coverage of any claim based on assault and battery irrespective of the legal theory

22   asserted against the insured." Century Transit Sys., Inc. v. American Empire Surplus Lines Ins.

23   Co., 42 Cal. App. 4th 121, 49 Cal. Rptr. 2d 567, 571 (Ct. App. 1996).

24       The Duvall Underlying Action alleges Young sexually assaulted and battered Audra

25   Duvall.  Specifically, the Duvalls' allege that Young "intentionally caused [Audra Duvall] to feel

26   apprehension of harmful or offensive contact when [Young] unlawfully engaged in lewd or

27   lascivious acts sexual in nature, touched [Audra Duvall] breasts and genitalia without

28   permission or consent, exposing [Audra Duvall's} breast and genitalia without permission or

1  consent, and placing YOUNG's penis on [Audra Duvall's] hand without permission or consent."

2  Moreover, the Duvalls' go on to allege that Young "intentionally made physical contact with

3  [Audra Duvall] when [Young] engaged in lewd or lascivious acts sexual in nature, touched

4  [Audra Duvall's] breasts and genitalia without permission or consent, exposed [Audra Duvall's]

5  breast and genitalia without permission or consent, and placed YOUNG's penis on [Audra

6  Duvall's] had without permission or consent."

7          Similarly, in The Ackermann Underlying Action, Stacey Ackermann alleges that Young

8  sexually assaulted her by "proceed[ing] to initiate unwanted, harmful and offensive contact

9  against Plaintiff." She alleges that Young "engaged in despicable and egregious conduct"

10 including "harmful and offensive sexual contact upon her person."

11         Here, the Assault and Battery Exclusion contained in the Starr Policy clearly acts to

12 exclude coverage for the underlying actions. As indicated from the above policy language, the

13 Starr policy excludes "bodily injury" arising from "(1) assault and battery…" and "(2) harmful or

14 offensive contact between or among two or more persons." All of the predicated acts that form

15 the basis of The Duvall Underlying Action and The Ackermann Underlying Action arise out of

16 Young's sexual assault and battery and Young's harmful or offensive contact. Thus, considering

17 the allegations in the underlying complaints, the assault and battery exclusion bars coverage for

18 Young's actions under the policy.

19         Moreover, the Assault and Battery Exclusion "also applies to any claims by any other

20 person, firm or organization, asserting rights derived from or contingent upon any person

21 asserting a claim excluded under subparagraphs 1, 2 or 3."  Specifically excluding from

22 coverage claims for "loss of…consortium."  In the Duvall Underlying Action, Michael John

23 Duvall alleges a claim for loss of consortium as the result Young's sexual assault and battery

24 and Young's harmful or offensive contact with Audra Duvall. Thus, this exclusion clearly bars

25 coverage for Michael John Duvall's claim for loss of consortium alleged in the Duvall Underlying

26 Action.

27 / / /

28 / / /

**D.** **Coverage is barred because any alleged injury was not the result of an "occurrence."'**

The Starr policy only applies to the extent that there is a claim against Young for "bodily injury" caused by an "occurrence."  The STARR Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

"Occurrence" based policies are common and have been interpreted by the Nevada Supreme Court to mean that, where the act of the insured is deliberate, the injuries cannot be the result of an "occurrence".  See  Beckwith v. State Farm Fire and Casualty Company, 120 Nev. 23 (2004).  Whether the insured intended to inflict injury is irrelevant for determining whether the actual injury producing force was an accident.  Id.

In California, an "occurrence" in the context of a lawsuit for sexual assault of a woman, was discussed for insurance coverage purposes, and found not covered under a liability insurance policy applicable only to "accidents," even if the insured claims not to have intended to injure the person because sex was consensual.  Merced Mutual Ins. Co. v. Mendez, 213 Cal. App. 3d 41, 50 (Cal. App. 5th Dist. 1989).  In Merced Mutual, the court states:

> An accident … is never present when the insured performs a deliberate act unless some additional, unexpected, independent, and unforeseen happening occurs that produces the damage. … Clearly, when the insured acted deliberately with the intent to cause injury, the conduct would not be deemed an accident. Moreover, where the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an "accident" merely because the insured did not intend to cause the injury. … Id.

Both underlying complaints, including the underlying facts and the theories of recovery all confirm that Young's acts were deliberate and that is the basis of imposing liability. Thus, any alleged injury was not the result "occurrence" defined under the policy. Because the policy only provides coverage for an "occurrence," the policy does not provide coverage in the underlying actions.

**E.** **Coverage under the policy is barred by the intentional act exclusion.**

Even if the underlying plaintiffs' injuries were accidental, and "therefore an 'occurrence' under the policy, they are uninsurable under an exclusionary provision." Capitol Indem. Corp. v.

Blazer, 51 F.Supp.2d 1080,1086 (citing Hermitage Ins. Co. v. Dahms, 842 F.Supp. 319, 324, 326 (N.D. Ill. 1994)). Like most general liability policies, the Starr Policy excludes coverage for bodily injuries that are "expected or intended" from the standpoint of Young.  To prevail on this claim, Starr need not prove Young's actual subjective intent.  Rather, Nevada case law provides that such intent can be presumed or inferred from the nature of certain intentional acts. See e.g., Rivera v. Nevada Med. Liab. Ins. Co., 107 Nev. 450 (1991) (holding that an intentional act exclusion precluded claim of patient alleging sexual assault by physician regardless of physician's subjective intent because forcible rape  was an act which physician knew with substantial certainty would cause harm to victim); Beckwith v. State Farm Fire & Cas. Co., 120 Nev. 23 (2004) (finding that intentional striking of someone in the face is an intentional act subject to a properly drafted "intentional acts" exclusion clause). In other words, under Nevada law the intent to cause the ultimate harm may be inferred where the actor "knows with substantial certainty [that the act] will cause harm to a victim." Rivera, 107 Nev. at 454.

When harm is inherent in the act itself as in this case, the injury must be expected and exclusion applies. All of the predicated acts that form the basis of The Duvall Underlying Action and The Ackermann Underlying Action arise out of Young's unwanted sexual contact upon them during the course of the massage. Based upon these sexual assaults Young's intent can be presumed or inferred from the nature of Young's intentional acts. Thus, coverage is barred under the intentional acts exclusion in Starr's policy.

## F.    Emotional injuries are not "bodily injuries" as defined by the Starr Policy.

The Starr policy only applies to the extent that there is a claim against Young for "bodily injury" caused by an "occurrence." "Bodily injury" is defined in the policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

The Ninth Circuit Court of Appeals, applying Nevada law, addressed, but did not answer, whether a claim under a homeowner's policy for emotional distress sustained by a minor, on account of sexual abuse committed by her stepfather, qualified as "bodily injury." State Farm Fire and Casualty Co. v. Pickard, 849 F.2d 1220 (9th Cir. 1988).  In Pickard, the Ninth Circuit

stated that if "bodily injury" did not include emotional distress, there was no coverage and, alternatively, if "bodily injury" included emotional distress, the exclusion clause denied coverage. Id.

Thus, while Nevada case law has not addressed this issue the majority of the courts in other jurisdictions have overwhelming found that emotional injuries do not qualify as "bodily injury." See Evans v. Farmers Ins. Exch., 34 P.3d 284, 286 (Wyo. 2011)(noting that the "overwhelming majority" of jurisdictions hold that bodily injury encompasses only physical harm); Citizens Ins. Co. of America v. Leiendecker, 962 S.W.2d 446, 452 (Mo. App. E.D. 1998) (collecting cases); see also Keri Farrell-Kolb, Note, General Liability Coverage for Claims of Emotional Distress--An Insurance Nightmare, 45 Drake L.Rev. 981, 986-989 (1997).

Both underlying complaints, including the underlying facts and the theories of recovery allege that the claimants did not sustain "bodily injury" as defined under the policy. To the extent that the underlying Plaintiff's only sustained emotional injuries, the Starr policy does not provide coverage for such injuries. Further, this exclusion would clearly bar Michael John Duvall's claim for loss of consortium alleged in the Duvall Underlying Action.

## V.

## CONCLUSION

Based on the foregoing, Plaintiff, Starr Indemnity & Liability Company, respectfully request this Court enter judgment in favor of Starr Indemnity & Liability Company against Defendant Limmie Young, III, providing the following declarations:

1.      No coverage or potential for coverage exists under the terms and provisions of the STARR Policy for the claims by AUDRA L. DUVALL and MICHAEL JOHN DUVALL against LIMMIE YOUNG, III in *Audra L Duvall, et al., v. Aposseadessee III, LLC, Limmie Young, III, et al.*, Clark County District Court Case number A-13-681072-C.

2.      STARR has no duty to defend or indemnify claims by AUDRA L. DUVALL and MICHAEL JOHN DUVALL against LIMMIE YOUNG, III   in *Audra L Duvall, et al., v. Aposseadessee III, LLC, Limmie Young, III, et al.*, Clark County District Court Case number A-13-681072-C.

3.      No coverage or potential for coverage exists under the terms and provisions of the STARR Policy for the claims by STACEY ACKERMANN against LIMMIE YOUNG, III  in *Stacy Ackermann., v. Aposseadessee III, LLC, Limmie Young, III, et al.*,  Clark County District Court Case number A-13-678512-C.

4.      STARR has no duty to defend or indemnify claims by STACEY ACKERMANN against LIMMIE YOUNG, III in *Stacy Ackermann., v. Aposseadessee III, LLC, Limmie Young, III, et al.*,  Clark County District Court Case number A-13-678512-C.

DATED: May 1, 2014

**MURCHISON & CUMMING, LLP**

By   ___/s/ Dustun H. Holmes___
Michael J. Nuñez, Esq.
Nevada Bar No. 10703
Bryan J. Ure, Esq.
Nevada Bar No. 11004
Dustun H. Holmes, Esq.
Nevada Bar No. 12776
6900 Westcliff Drive, Suite 605
Las Vegas, Nevada  89145
Attorneys for Plaintiff
STARR INDEMNITY & LIABILITY COMPANY

1

## PROOF OF SERVICE

2   **STATE OF NEVADA, COUNTY OF CLARK**

3       At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Clark, State of Nevada.  My business address is 6900 Westcliff
4   Drive, Suite 605, Las Vegas, Nevada 89145.

5       On May 1, 2014, I served true copies of the following document(s) described as **STARR
INDEMNITY & LIABILITY COMPANY'S MOTION FOR SUMMARY JUDGMENT** on the
6   interested parties in this action as follows:

7                           **SEE ATTACHED LIST**

8   **BY CM / ECF FILING SYSTEM AND U.S. MAIL:**  I enclosed the document(s) in a sealed
envelope or package addressed to the persons at the addresses listed in the Service List and
9   placed the envelope for collection and mailing, following our ordinary business practices.  I am
readily familiar with Murchison & Cumming's practice for collecting and processing
10  correspondence for mailing.  I am aware that on motion of the party served, service is
presumed invalid if the postal cancellation date or postage meter date is more than one
11  business day after the date of deposit for mailing in this declaration.

12      I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct and that I am employed in the office of a member of the bar of
13  this Court at whose direction the service was made.

14      Executed on May 1, 2014, at Las Vegas, Nevada.

15

16                          */s/ Nicole Garcia*
                            Nicole Garcia
17

18

19

20

21

22

23

24

25

26

27

28

21

**SERVICE LIST**

**STARR INDEMNITY & LIABILITY COMPANY v. Young, Limmie, et al.**

Thomas Friedman, Esq.                    Attorneys for Defendant
BROWN, BONN & FRIEDMAN, LLP      APOSSEADDESSE III, LLC
5528 South Fort Apache Road            DBA MASSAGE ENVY SPA
Las Vegas, Nevada 89148
(702) 942-3900
(702) 942-2901

Jerome R. Bowen, Esq.                    Attorneys for Defendants
Sarah M. Banda, Esq.                     AUDRA L. DUVALL and
BOWEN LAW OFFICES                        MICHAEL JOHN DUVALL
9960 W. Cheyenne Avenue, Suite 250
Las Vegas, Nevada  89129
(702) 240 – 5191
(702) 240 – 5797

Bradley S. Mainor, Esq.                  Attorneys for Defendant
Mainor Wirth, LLP                        STACY ACKERMANN
6018 S. Fort Apache Rd. Ste. 150
Las Vegas, Nevada  89148
(702) 464 – 5000
(702) 463 – 4440