# EXHIBIT B

# EXHIBIT B

Electronically Filed
05/08/2013 05:00:52 PM

**CLERK OF THE COURT**

1

**VCOMP**
**EASTON K. HARRIS, ESQ.**
Nevada Bar No.: 010611
Email: easton@theharrisfirmpc.com
**THE HARRIS FIRM, PC**
9960 West Cheyenne Ave., Suite 250
Las Vegas, NV 89129
Telephone: (702) 202-1450
Facsimile: (702) 240-9716
*Attorney for Plaintiff*

**JEROME R. BOWEN, ESQ.**
Nevada Bar No.: 004540
Email: jbowen@lvlawfirm.com
**BOWEN LAW OFFICES**
9960 West Cheyenne Ave., Suite 250
Las Vegas, NV 89129
Telephone: (702) 240-5191
Facsimile: (702) 240-5797
*Attorney for Plaintiff*



**THE HARRIS FIRM**
9960 West Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

AUDRA L. DUVALL, an individual, and
MICHAEL JOHN DUVALL, an individual;

         Plaintiff,

vs.

APOSSEADESSE III, LLC, a Nevada Limited
Liability, d/b/a MASSAGE ENVY SPA,
LIMMIE YOUNG, III, an individual; DOES I-
X; and ROE ENTITIES XI –XX, inclusive.

         Defendants.

CASE NO.: A-13-681072-C
DEPT. NO.: XVIII

**Arbitration Exemption Requested**
-    *Declaratory Relief*   -

**SECOND AMENDED VERIFIED COMPLAINT**

      COMES NOW, Plaintiff, AUDRA L. DUVAL, by and through her attorneys of record,

THE HARRIS FIRM, PC and for her Verified Complaint against Defendants, and each of

them, complains, avers, states, and alleges as follows:

**I.**

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

A.    **PARTIES**

Page 1 – *Amended Complaint*

STARR000060

1.     At all times relevant herein, Plaintiff AUDRA L. DUVALL (hereinafter referred to as "Plaintiff") was and is a resident of Clark County, Nevada.

2.     At all times relevant herein, Plaintiff MICHAEL JOHN DUVALL (hereinafter referred to as "Plaintiff") was and is a resident of Clark County, Nevada.

3.     Upon information and belief, at all times relevant hereto, Defendant, APOSSEADESSE III, LLC ("MASSAGE ENVY"), a Nevada Limited-Liability Company, a Nevada Corporation was and is a duly licensed within Clark County, Nevada.

4.     Upon information and belief, at all times relevant hereto, Defendant, LIMMIE YOUNG, III ("YOUNG"), an individual resides in the County of Clark, State of Nevada.

5.     It is believed, and therefore alleged, that all facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

6.     The identities of the Defendants, DOES I through X and/or ROE COMPANIES/CORPORATIONS XI through XX, are unknown at this time and may be individuals, partnerships, subsidiaries, or corporations and may be alternate identities and/or masters, agents, servants, employees, employers, predecessors-in-interest, successors-in-interest, or assigns of the named Defendants herein.  Plaintiff alleges that each of the Defendants designated as the Defendants, DOES I through X and/or ROE COMPANIES/CORPORATIONS XI through XX, may include masseuse, instructors, customers, agents, supervisors, managers, or other related business entities, employees, associates, family, friends, relatives, and/or other individuals or entities employed by or affiliated with Defendants listed herein and are in some way responsible for the damages as alleged herein, including, *inter alia*, negligence, and/or further, that the acts and/or omissions of these named Defendants may be attributed to DEFENDANTS, DOES I through X and/or ROE COMPANIES/CORPORATIONS XI through XX, and vice versa.  Plaintiffs request leave of Court to amend this complaint to name the DOE DEFENDANTS and ROE

**Page 2 – *Amended Complaint***

STARR000061

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

COMPANIES/CORPORATIONS DEFENDANTS when their identities become known.

7.     At all times relevant hereto, Plaintiff is informed and believes, that Defendants, and each of them, are and were agents, and employees, and/or other authorized representatives or agents of each and every other Defendant, and that each Defendant was acting within the course and scope of said employment, or agency relationship, and with the express and/or implied knowledge, permission, and consent of all of the other Defendants herein.

8.     Plaintiff is informed and believes, and therefore alleges, that Defendants, and each of them, are legally responsible for the damages to Plaintiff as herein alleged.

**B.     GENERAL ALLEGATIONS**

9.     Plaintiff was a contracted participant in MASSAGE ENVY's member benefits program whereby Plaintiff paid a flat monthly fee to MASSAGE ENVY in exchange for, *inter alia*, a monthly massage at one of MASSAGE ENVY's numerous locations with one its various masseuses.

10.    At all times mentioned herein, and particularly on or about May 8, 2011, Plaintiff was a guest, client, and invitee of MASSAGE ENVY at its Centennial Gateway location, located at 5643 Centennial Center Blvd., Ste. 135, Las Vegas, Nevada 89149.

11.    May 8, 2011 was Mother's Day.  Therefore, Plaintiff and a female friend had decided to spend Mother's Day morning resting, relaxing, and being pampered; which included, *inter alia*, a one and a half (1 ½) hour massage with MASSAGE ENVY as part of her member benefits with the same.

12.    Upon arriving at the Centennial Gateway location, MASSAGE ENVY, by and through its agent, provide Plaintiff with forms and asked her to fill out the same. Upon information and belief, the forms contained an Agreement/Authorization for services, as well as other forms structured to provide MASSAGE ENVY and its Massage Therapist with information about the Plaintiff; including, potential/current medical maladies the Plaintiff may

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

**Page 3 – *Amended Complaint***

STARR000062

have been experiencing, areas Plaintiff wanted the therapist to focus on during the massage, and to generally gauge the personal preferences of the Plaintiff.

13.     MASSAGE ENVY selected YOUNG to perform Plaintiff's massage.  Although Plaintiff had never utilized YOUNG as a massage therapist, Plaintiff relied on MASSAGE ENVY's judgment in selecting YOUNG as her massage therapist.  Moreover, she trusted that MASSAGE ENVY had properly vetted, trained, and supervised YOUNG.  Most importantly, however, Plaintiff relied on MASSAGE ENVY to provide a safe and secure environment in which she could receive a massage without fear of physical battery, sexual assault, or infliction of emotional distress.

14.     Plaintiff was instructed by YOUNG to follow him to a secluded room.  Thus, Plaintiff complied with YOUNG's request.

15.     As Plaintiff followed YOUNG, she immediately noticed that his uniformed attire appeared disheveled and unprofessional.  Prior to YOUNG's introduction,  Plaintiff noticed that other massage therapists working for MASSAGE ENVY had uniformed shirt-pants combinations that appeared neat,  clean, and professional.  Their shirts appeared to be starched crisp and clean and their pants appeared to be perfectly pleated. YOUNG's shirt-pants combo, on the other hand, was wrinkled and appeared unkempt.  While the appearance of YOUNG's uniformed attire alone did not make Plaintiff nervous, it did strike her as odd.

16.     Upon arriving at the room, YOUNG instructed Plaintiff to disrobe until nude and to situate herself on the massage table lying face-up.  YOUNG then turned on his heel and shut the door behind him.  Once the door was shut, Plaintiff disrobed until nude and placed herself on the massage table lying face-up as previously instructed.  Although she did not receive an instruction from YOUNG in relation to the use of a modesty blanket (which includes a sheet and blanket), Plaintiff did utilize the same and draped it over the areas of her body, shoulder to feet.

**Page 4 – *Amended Complaint***

STARR000063

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

17.    After having taken steps to remain modest, Plaintiff alerted YOUNG that she was prepared to begin. YOUNG entered the room and shut the door behind him. YOUNG, however, did not dim the lights. Instead, YOUNG placed a fabric-material, possibly a compress, over Plaintiff's eyes, and fastened the same securely behind Plaintiff's head. YOUNG's crudely fashioned, yet effective, blindfold significantly impaired Plaintiff's vision but for a very small space at the bottom of the same.

18.    After YOUNG secured the blindfold firmly in place, YOUNG lifted Plaintiff's head and placed it against his body between the lower part of his stomach and the upper part of his pelvis and began massaging the Plaintiff's shoulders, arms, and chest.

19.    Shortly after beginning the massage, YOUNG began demanding that Plaintiff "Tell [him] it's *perfect!*" Initially, Plaintiff did not respond to YOUNG, hoping that YOUNG would take the hint that she did want to talk while receiving a massage. Finally, however, when it became apparent that YOUNG was not going to stop talking until she responded, Plaintiff exclaimed simply "Its fine!" YOUNG, the tone of his voice indicating that he was mildly annoyed by Plaintiff's terse response, exclaimed "*Fine* is not good enough! You need to tell me that it's *perfect!*" YOUNG continued to demand that Plaintiff "Tell [him] it's *perfect*" during the entire massage. A little further into the massage, as things began to get more uncomfortable for Plaintiff, YOUNG also began to pepper Plaintiff with questions, including, *inter alia*, "'Do you like this?', 'Does this make you feel good?', or 'Hmmm, You like that, don't you!'"

20.    After working on Plaintiff's neck, YOUNG began to run his unshaven, course, and prickly forearms in a vertical and horizontal pattern on the Plaintiff's chest, occasionally swiping the top of Plaintiff's breasts and/or touching Plaintiff's breasts with his forearm and/or the side of his hand. Plaintiff sensed that YOUNG's motions had caused her modesty blanket, which was previously covering her breasts, to work its way off and impermissibly expose

**Page 5 –** *Amended Complaint*

Plaintiff's breasts.   Plaintiff's sensation would eventually be confirmed as Plaintiff felt YOUNG place the modesty blanket back into is original position and cover Plaintiff's breasts.

21.   YOUNG then returned to the massage, and placed his hands firmly into Plaintiff's armpits where he began to juggle Plaintiff's arms back and forth, alternating from right-to-left, left-to-right in rapid succession.   Plaintiff had no idea what this was supposed to accomplish therapeutically; however, Plaintiff could feel that it was causing her breasts to jiggle, sway, and shake profusely with each of YOUNG's alternating-rapid-successive movement.   Plaintiff began to feel air on her breasts and nipples.   As such, Plaintiff suspected that the modesty blanket had once again fallen from her breasts; thus, causing the same to become exposed.   Plaintiff's suspicions were confirmed as YOUNG, yet again, brought the modesty blanket up to cover Plaintiff's breasts.

22.   YOUNG would eventually make his way down to Plaintiff's lower extremities, including, Plaintiff's hips, legs, thighs, and knees.   Upon information and belief, Plaintiff had previously indicated to MASSAGE ENVY that she was experiencing pain in her hip. Nevertheless, instead of providing a deep tissue rub down, as Plaintiff had expected, YOUNG began performing stretching exercises on Plaintiff's lower extremities.   For example, YOUNG would take of Plaintiff's legs and moved it straight into the air at 90° degree angle.   YOUNG would then bend Plaintiff's knee and push it toward Plaintiff's abdomen.   YOUNG would the proceed to take the leg, in a bended position, and move it across Plaintiff's body, turning Plaintiff's waist from right-to-left, and left-to-right, depending on which leg he was performing the stretch.

23.   Plaintiff was very disturbed by these so-called stretches for a number of reasons.   First, Plaintiff could feel that the modesty blanket had become dislodged with the stretching exercises, exposing her genitalia and buttocks.   Second, when YOUNG performed the stretching exercises, Plaintiff felt YOUNG lean into said stretches with his pelvis which

**Page 6 – *Amended Complaint***

STARR000065

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

caused YOUNG's genitalia and pelvis to repeatedly make contact with Plaintiff's genitalia. The stretching was painful to Plaintiff's hip; thus, causing Plaintiff to groan and/or moan in pain with each stretch of the same.  YOUNG commented on Plaintiff's groans and moans, stating "Hmmm, you like that, don't you!?"

24.     YOUNG moved to Plaintiff's side.  Plaintiff's hands were relaxed and sitting palm askew on the massage table.  All of a sudden, YOUNG placed his erect penis on Plaintiff's hand.  YOUNG was sexually aroused.  Plaintiff quickly sat up and ripped the blindfold from her face.  As soon as she sat up, YOUNG quickly sat down with his hands and arms crossed over his pelvis to hide his erection.  YOUNG asked Plaintiff "Is there a problem?" Plaintiff, still in shock and her eyes still adjusting, hesitated for a moment and then responded, "I feel very uncomfortable."  YOUNG asked Plaintiff, "Do you want a glass of water?"  Plaintiff responded in the affirmative.  YOUNG then informed Plaintiff that he was going to get some water.  YOUNG got up and awkwardly exited the room in a manner that caused Plaintiff to believe that he was still attempting to conceal his penis.  Still trying to process the events, Plaintiff jettisoned off the table, grabbed those clothes which were easily accessible, and got partially dressed.  Plaintiff then quickly grabbed the remainder of her clothes, including her bra, and exited the room to find a MASSAGE ENVY agent to assist her.

25.     Not wanting to be confronted by YOUNG, and not wanting to draw the attention of other MASSAGE ENVY invitees, Plaintiff quickly ducked into an alcove near the room and attempted to get the attention of a MASSAGE ENVY agent.  Plaintiff would eventually get the attention of a young MASSAGE ENVY employee.  Still scared and worried that YOUNG would see her, Plaintiff struggled to find words, saying simply that "[She] need[ed] help" and "Can [she] see a manager?"  The young MASSAGE ENVY employee appeared as though she did not know what to do.  Thus, she promptly left; and in her place an older female MASSAGE ENVY employee returned.  Plaintiff tried to explain what had

**Page 7 –** *Amended Complaint*

STARR000066

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

occurred with YOUNG; however, the older MASSAGE ENVY employee did not know what to do either. The older MASSAGE ENVY employee told Plaintiff that there was not a manager on duty. Nevertheless, the older MASSAGE ENVY employee grabbed a chair from the front/lobby, provided Plaintiff with a glass of water, and gave Plaintiff a card for "manager" for the Centennial Gateway MASSAGE ENVY location. The older female MASSAGE ENVY employee then returned to her work at the front counter.

26. Neither of the female MASSAGE ENVY employees returned to aid the Plaintiff. Plaintiff was not offered an incident report, no one took down her contact information, nor did a MASSAGE ENVY agent provide Plaintiff with instructions on what steps to take after being violated by YOUNG. All at once, Plaintiff felt very alone and exposed. Plaintiff could easily see the room where she had been violated by YOUNG and the last thing she wanted was a confrontation with YOUNG. Although YOUNG never returned, nor did he seek out the Plaintiff after her escape from the room, Plaintiff was not sure what to do. Plaintiff was overwhelmed with a sense of anxiety and urgency as she did not want to be anywhere near the vicinity of YOUNG. Plaintiff could see that both of the female MASSAGE ENVY employees were engrossed in their work and neither appeared to be returning to the Plaintiff anytime soon; therefore, Plaintiff gathered her things, left the friend she had arrived with behind [1], and drove home to the comfort and safety of her family.

27. Upon information and belief, a few days after Plaintiff received the highly inappropriate massage, Plaintiff received a voice mail later from an individual representing herself as an agent of MASSAGE ENVY. The MASSAGE ENVY agent apologized for Plaintiff's "negative experience" and offered Plaintiff one (1) complimentary massage.

28. Upon information and belief, MASSAGE ENVY failed to immediately report

[1] Plaintiff and her friend drove separately.

**Page 8 – *Amended Complaint***

STARR000067

YOUNG's extremely inappropriate behavior to the Nevada State Board of Massage Therapy pursuant to Nevada State Law.   In fact, it was not until after YOUNG had a second inappropriate encounter with another female invitee, who also reported the same, that MASAGE ENVY finally revealed the incident involving the Plaintiff to the Nevada State Board of Massage Therapy pursuant to their obligations under Nevada State Law.

29.     That on May 8, 2011, during the course of the massage of Plaintiff, Defendants negligently failed to exercise that degree of care, skill and knowledge ordinarily exercised by comparable massage therapists/practitioners, facilities, and/or providers having similar skills education, training, experience or otherwise similarly situated.

30.     On May 8, 2011 Plaintiff sought massage from Defendants.   During said procedure, Defendants breached the express terms of their agreement with Plaintiff and breached their duty of care to the Plaintiff by, for example, by exposing Plaintiff's private areas, including her breasts, vagina, and buttocks multiple times, by touching Plaintiff's breasts without authorization or consent, by YOUNG placing his pubic area against Plaintiff's pubic area and pushing into the same multiple times all the while making comments with sexual undertones in an attempt to sexually arouse the Plaintiff and/or for the sexual gratification of YOUNG, making advances which were sexual in nature, and by YOUNG placing his erect penis onto Plaintiff's hand; all of which was done for the sexual gratification of YOUNG and monetary gratification of MASSAGE ENVY, and all of which was done without prior notice, prior consent, and/or the prior approval and/or agreement of Plaintiff.

31.     That at no time did Defendants have consent, permission, and/or authorization to engage in the acts as stated herein.   It is Plaintiff's belief that YOUNG, by and through his principle, MASSAGE ENVY, has engaged in similar improper action before the violation of Plaintiff, and Plaintiff has information suggesting that YOUNG, by and through its principle, MASSAGE ENVY, has engaged in similar improper action since the violation of Plaintiff.

**Page 9 –** *Amended Complaint*

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

STARR000068

32.     That as a direct and proximate result of the negligence and inappropriate acts of Defendants, and each of them, Plaintiff has suffered physical and emotional injuries, the exact nature and extent of which are unknown at this time.

## II.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

33.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 32 as though fully set forth herein.

34.     That Plaintiff entered into an agreement with Defendant for massages therapy; including, an agreement for benefits, and for the so-called massage which occurred or about May 8, 2011.

35.     At the time of the incident which is the subject of Plaintiff's complaint, Plaintiff was in compliance with all material terms and conditions of the Agreement(s).

36.     Defendants received valuable consideration for performing a massage upon the Plaintiff; including, but not limited to, monetary payment.

37.     Defendants Breached the contract(s) with the Plaintiff by willfully performing additional malicious, unconscionable, repugnant, and unauthorized services/procedures on the Plaintiff, disregarding Plaintiff's rights under the Agreement(s) and/or under Nevada State law, by failing to perform a proper massage as contemplated within the Agreement(s), and by causing physical and emotional injuries to the Plaintiff.

38.     As a direct and proximate cause of Defendants' material breach of the Agreement(s), Plaintiff has been damaged, *inter alia*, in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

39.     Plaintiff has been required to engage the services of an attorney in these

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

STARR000069

proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

## SECOND CLAIM FOR RELIEF
### (TORTIOUS & CONTRACTUAL BREACH OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING)

40.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 39, as though fully set forth herein.

41.     Implied in every contract in the State of Nevada is a covenant that each of the parties to the contract will act in good faith and deal fairly with one another.

42.     Defendants owed a duty of good faith and fair dealing to Plaintiff

43.     Defendant breached this duty by acting a manner adverse to the purpose of the Agreement(s), and by willfully performing additional malicious, unconscionable, repugnant, and unauthorized services/procedures on the Plaintiff, by failing to perform a proper massage as contemplated within the Agreement(s), and by causing emotional and physical injuries to the Plaintiff.

44.     Defendants' unfaithful actions were deliberate.

45.     Defendants failed to deal with Plaintiff in good faith.

46.     As a direct and proximate cause of Defendants' material breach of the Agreement(s), Plaintiffs have been damaged, *inter alia*, in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

47.     Defendants' conduct was willful, malicious, and done with a conscious disregard for Plaintiff's rights.

STARR000070

48.     Therefore, Plaintiff should be entitled to punitive damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00) as a result of such willful, malicious, repugnant, and unconscionable acts on the part of Defendants.

49.     Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

**THIRD CAUSE OF ACTION**
(NEGLIGENCE)

50.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 49, as though fully set forth herein.

51.     Defendants had a duty to control their actions and/or property and use reasonable care with respect to their dealings.   Moreover, as individuals and/or entities involved in the profession of massage therapy, Defendants owed Plaintiff a duty of care to carry out their responsibilities by exercising a degree of care, skill, and diligence that ordinarily prudent persons and/or entities in like positions would use under similar circumstances.

52.     Defendants breached that duty owed to Plaintiff and others, either directly or vicariously, by failing to utilize the proper skill and/or standards of fact, so as to avoid causing or preventing against the causing of harm and/or damage to the Plaintiff and/or others similarly situated.   As a result of said breaches, Plaintiff suffered the serious emotional injuries, physical injuries, and other related damages and/or injuries complained of herein.

53.     The aforementioned accident and/or incident, which resulted in injuries and damages to the Plaintiff, were caused solely by the Defendants, herein, without any

STARR000071

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

contributory negligence on the part of the Plaintiff.

54.     That as a direct and proximate cause of the negligence, carelessness and/or recklessness of Defendants, and each of them, Plaintiff sustained, *inter alia*, great emotional distress, injuries, bodily trauma, medical damages, pain and suffering, lost wages, loss of economic opportunity, and other related damages, some or all of which may be permanent and/or disabling in nature, all to her damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

55.     Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred attorneys fees that are a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

### FOURTH CAUSE OF ACTION
#### (GROSS NEGLIGENCE)

56.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 55, as though fully set forth herein.

57.     Defendants had a duty to control their actions and/or property and use reasonable care with respect to their dealings. Moreover, as individuals and/or entities involved in the profession of massage therapy, Defendants owed Plaintiff a duty of care to carry out their responsibilities by exercising a degree of care, skill, and diligence that ordinarily prudent persons and/or entities in like positions would use under similar circumstances.

58.     Defendants, through their gross negligence, breached his/its duties of care by, among other things, acting with a reckless disregard for Plaintiff's rights, and/or failing to exercise even the slightest care in performing therapeutic massage upon the Plaintiff, and/or in

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

**Page 13 – *Amended Complaint***

STARR000072

engaging in deviant behavior or failing to protect the Plaintiff from the deviant behavior; including unwanted sexual advances of its massage therapist.

59.    Defendants knew, should have known, or had reason to know that a high probability exists that his/its conduct, or its failure to act, would result in substantial harm to the Plaintiff.

60.    That as a direct and proximate cause of the negligence, carelessness and/or recklessness of Defendants, and each of them, Plaintiff sustained, *inter alia*, great emotional distress and bodily trauma, medical damages, pain and suffering, lost wages, loss of economic opportunity, and other related damages, some or all of which may be permanent and/or disabling in nature, all to her damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

61.    That Defendants acts or inactions were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights.    Moreover, the acts or inaction of the Defendants in this cause of action, and each of them, were in derogation, exclusion, and/or defiance, of Plaintiff's rights.

62.    Therefore, Plaintiff should be entitled to punitive damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00) as a result of such reckless, malicious, repugnant, and unconscionable acts on the part of Defendants.

63.    Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE PER SE)

**Page 14 – *Amended Complaint***

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

STARR000073

64.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 63, as though fully set forth herein.

65.     Defendants had a duty to control their actions and/or property and use reasonable care with respect to their dealings.  Moreover, as individuals and/or entities involved in the profession of massage therapy, Defendants owed Plaintiff a duty of care to carry out their responsibilities by exercising a degree of care, skill, and diligence that ordinarily prudent persons and/or entities in like positions would use under similar circumstances.

66.     Defendants engaged in the impermissible and/or unlawful acts set forth in NRS 640C.700, resulting in a breach of Defendants duties to the Plaintiff.

67.     Plaintiff belongs to the class of individuals NRS 640C.700 was intended to protect.  Moreover, the injuries and damages suffered by the Plaintiff are precisely the type NRS 640C.700 was intended to guard against.

68.     That as a direct and proximate cause of Defendants' violation of NRS 640C.700, Plaintiff sustained, *inter alia*, great emotional distress and bodily trauma, injuries, medical damages, pain and suffering, lost wages, loss of economic opportunity, and other related damages, some or all of which may be permanent and/or disabling in nature, all to her damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

69.     Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

## SIXTH CAUSE OF ACTION

Page 15 – *Amended Complaint*

## (NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION)

70.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 69, as though fully set forth herein.

71.     Defendant, MASSAGE ENVY, owed a duty of care to the Plaintiff, and to other members of the public, to hire, vet, train, supervise, and/or retain and employ massage therapists who were competent, stable, educated, of good moral character, experienced, and otherwise capable and qualified to perform massage therapy in a professional and non-sexual manner.

72.     Defendant, MASSAGE ENVY, breached the aforementioned duties by hiring YOUNG, even though it knew, or should have known, of YOUNG's dangerous and deviant propensities.

73.     Defendant, MASSAGE ENVY, further breached the aforementioned duties by failing to properly train YOUNG to, inter alia, avoid inappropriate physical contact with female clients, to avoid unnecessary exposure of breasts, genitalia, and buttocks of female clients,  and to take proper steps to avoid sexual arousal during a massage; by failing to properly supervise YOUNG; and by failing to have protocols in place and/or enforce protocols which prevent and/or discourage lewd and lascivious acts, abuse, or misconduct by and through its agents, by selecting YOUNG, someone that MASSAGE ENVY knew or should have known had dangerous, deviant, abusive, or highly offensive propensities or proclivities, to perform so-called massage therapy on the Plaintiff, and by continuing to retain YOUNG after Defendant, MASSAGE ENVY, was on notice of YOUNG's dangerous, deviant, abusive, or highly offensive propensities or proclivities

74.     That as a direct and proximate cause of Defendant, MASSAGE ENVY's breach of the duties set forth herein, including its negligence in hiring, training, supervising, selecting, and retaining of YOUNG, Plaintiff sustained, *inter alia*, great emotional distress and bodily

STARR000075

trauma, injuries, medical damages, pain and suffering, lost wages, loss of economic opportunity, and other related damages, some or all of which may be permanent and/or disabling in nature, all to her damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

75.     Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – *DIRECT THEORY*)

76.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 75, as though fully set forth herein.

77.     Defendants had a duty to control their actions and/or property and use reasonable care with respect to their dealings.   Moreover, as individuals and/or entities involved in the profession of massage therapy, Defendants owed Plaintiff a duty of care to carry out their responsibilities by exercising a degree of care, skill, and diligence that ordinarily prudent persons and/or entities in like positions would use under similar circumstances.

78.     Yet, the acts and/or inactions of the Defendants, as more fully set forth herein was so extreme and outrageous so as to cause the Plaintiff to suffer severe emotional distress to the point that it precipitated physical bodily injury to the Plaintiff.

79.     That as a direct and proximate cause of the Defendants' extreme and outrageous acts, and the breach of Defendants' duties to the Plaintiff, Plaintiff sustained, *inter alia*, great emotional distress which precipitated bodily injury, injuries, medical damages, pain and

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel. 702.202.0450 | Fax 702.240.9716
www.theharrisfirmpc.com

Page 17 – *Amended Complaint*

STARR000076

suffering, lost wages, loss of economic opportunity, and other related damages, some or all of which may be permanent and/or disabling in nature, all to her damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

80.     Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

**EIGHTH CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

81.     Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 80, as though fully set forth herein.

82.     YOUNG impermissibly engaged in lewd and lascivious acts with the Plaintiff, without Plaintiff's consent or permission.  YOUNG also directly and/or indirectly caused Plaintiff's genitalia, buttocks, and breasts to become exposed numerous times and/or failed to take steps to avoid the unnecessary exposure of Plaintiff's genitalia, buttocks, and breasts. Finally, YOUNG made unwanted and impermissible physical contact with the Plaintiff; including, contact with Plaintiff's genitalia and breasts and by placing his penis in Plaintiff's hand.

83.     YOUNG maliciously, outrageously, and recklessly engaged in acts against the Plaintiff which were cloaked in legitimacy, but which served no legitimate purpose other than the satisfaction of YOUNG's sexual appetites, to entertain YOUNG sexually,  and/or in furtherance of arousing YOUNG's libido or other inappropriate motivations.

84.     Because Defendant YOUNG cloaked his malicious, outrageous, and reckless conduct in legitimacy, Plaintiff was unable to prevent YOUNG from engaging in the lewd and

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

**Page 18 – *Amended Complaint***

STARR000077

lascivious acts which are the subject of the instant Complaint.

85.    The emotional toll caused by Defendant's actions has been devastating to the Plaintiff.

86.    Defendant's conduct was extreme and/or outrageous with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

87.    As a direct and proximate cause of Defendant's intentional infliction of emotional distress, Plaintiff has been caused to suffer significant damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

88.    That Defendant's acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights.   Moreover, the acts of the Defendant in this cause of action were in derogation, exclusion, and/or defiance, of Plaintiff's rights.

89.    Therefore, Plaintiff should be entitled to punitive damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00) as a result of such reckless, malicious, repugnant, and unconscionable acts on the part of Defendant.

90.    Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendant for those reasonable attorney fees and costs incurred herein as special damages.

## NINTH CAUSE OF ACTION
### (CIVIL ASSAULT)

91.    Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 90, as though fully set forth herein.

92.    That Defendants did not have actual or apparent consent, permission, or

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax 702.240.9716
www.theharrisfirmpc.com

STARR000078

authorization to perform the additional, malicious, unconscionable, repugnant, and unauthorized acts on the Plaintiff; including, inter alia, engaging lewd or lascivious acts sexual in nature, touching Plaintiff breasts and genitalia, exposing Plaintiff's breasts and genitalia, and placing YOUNG's penis on Plaintiff's hand.

93.     That the Defendants negligently and/or intentionally caused the Plaintiff to feel apprehension of harmful or offensive contact when Defendants unlawfully engaged in lewd or lascivious acts sexual in nature, touched Plaintiff breasts and genitalia without permission or consent, exposing Plaintiff's breasts and genitalia without permission or consent, and placing YOUNG's penis on Plaintiff's hand without permission or consent.

94.     As a direct and proximate cause of Defendants' assault, Plaintiff has been caused to suffer significant damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

95.     That Defendants' acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights.   Moreover, the acts of the Defendant in this cause of action were in derogation, exclusion, and/or defiance, of Plaintiff's rights.

96.     Therefore, Plaintiff should be entitled to punitive damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00) as a result of such reckless, malicious, repugnant, and unconscionable acts on the part of Defendants.

97.     Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

**Page 20 – *Amended Complaint***

STARR000079

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel 702.202.1450 | Fax 702.240.9716
www.theharrisfirmpc.com

## TENTH CAUSE OF ACTION
### (CIVIL BATTERY)

98.   Plaintiff repeats, realleges, and incorporates herein by reference Paragraphs 1 through 97, as though fully set forth herein.

99.   That Defendants did not have actual or apparent consent, permission, or authorization to perform the additional, malicious, unconscionable, repugnant, and unauthorized acts on the Plaintiff; including, inter alia, engaging lewd or lascivious acts sexual in nature, touching Plaintiff breasts and genitalia, exposing Plaintiff's breasts and genitalia, and placing YOUNG's penis on Plaintiff's hand.

100.   That the Defendants negligently and/or intentionally made physical contact with the Plaintiff  when Defendants unlawfully engaged in lewd or lascivious acts sexual in nature, touched Plaintiff breasts and genitalia without permission or consent, exposed Plaintiff's breasts and genitalia without permission or consent, and placed YOUNG's penis on Plaintiff's hand without permission or consent.

101.   As a direct and proximate cause of Defendants' impermissible touching and battery, Plaintiff has been caused to suffer significant damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

102.   That Defendants' acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights.   Moreover, the acts of the Defendant in this cause of action were in derogation, exclusion, and/or defiance, of Plaintiff's rights.

103.   Therefore, Plaintiff should be entitled to punitive damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00) as a result of such reckless, malicious, repugnant, and unconscionable acts on the part of Defendants.

104.   Plaintiff has been required to engage the services of an attorney in these

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax 702.240.9716
www.theharrisfirmpc.com

STARR000080

proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

### ELEVENTH CLAIM FOR RELIEF
*(Respondeat Superior/Vicarious Liability)*

105.    Plaintiff repeats, realleges, and incorporates herein y reference Paragraphs 1 through 104 as though fully set forth herein.

106.    At various times relevant hereto, Defendant, YOUNG, is the agent of Defendant, MASSAGE ENVY, and was acting in the course and scope of his employment with the same; thus, Defendant, MASSAGE ENVY, is vicariously liable for the conduct of Defendant, YOUNG.

107.    That as a direct and proximate cause of Defendants' wrongful acts, Plaintiff was caused to suffer significant damages in an amount in excess of TEN THOUSAND DOLLARS AND 00/100 CENTS ($10,000.00).

108.    Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

### TWELFTH CLAIM FOR RELIEF
*(Declaratory Relief)*

109.    Plaintiff repeats, realleges, and incorporates herein y reference Paragraphs 1 through 108 as though fully set forth herein.

110.    Upon information and belief, there is a real and actual controversy regarding the interpretation of the Agreement between MASSAGE ENVY and the Plaintiff therein;

STARR000081

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax 702.240.9716
www.theharrisfirmpc.com

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

including, whether MASSAGE ENVY violated the terms of the Agreement and what MASSAGE ENVY's responsibilities and duties to the Plaintiff were both before and after the incident which is the subject of the Complaint.

111.   As such, a dispute now exists between Plaintiffs and Defendants as to the rights and obligations of the parties concerning the above-mentioned allegations and Agreement.

112.   Therefore, under NRS 31.010, *et seq*., Plaintiffs are entitled to have this Court enter a declaratory judgment setting forth the respective rights, duties, and obligations of the parties hereto.

113.   If this Honorable Court determines that Defendants breached the Agreement or violated a duty to the Plaintiffs, Plaintiffs are entitled to an declaratory relief or an order setting forth the respective rights, duties, and obligations of the parties.

114.   Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

### THIRTEENTH CLAIM FOR RELIEF
#### *(Loss of Consortium)*

115.   Plaintiff repeats, realleges, and incorporates herein y reference Paragraphs 1 through 114 as though fully set forth herein.

116.   As a direct and proximate result thereof, Plaintiffs, have been deprived of and have suffered grief, the losses of services, companionship, support, society, comfort and/or consortium of each other.

117.   That as a direct and proximate cause of Defendants' wrongful acts, Plaintiff was caused to suffer significant damages in an amount in excess of TEN THOUSAND DOLLARS

**Page 23 – *Amended Complaint***

STARR000082

AND 00/100 CENTS ($10,000.00).

118.    Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred substantial attorneys fees which were a reasonable and foreseeable consequence and necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendants for those reasonable attorney fees and costs incurred herein as special damages.

## III.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.    For compensatory damages in a sum in excess of $10,000.00 for each of the above-stated causes of action;

B.    For exemplary damages, in a sum in excess of $10,000.00;

C.    For punitive damages in a sum in excess of $10,000.00;

E.    For declaratory judgment setting forth the parties' respective rights, duties, and obligations under the agreement between the parties;

E.    For legal pre-judgment interest, at the highest rate allowable;

F.    For reasonable attorneys fees and costs of suit; and

G.    For any such further relief this Court deems appropriate in the premises.

**DATED** this _8th_ day of May, 2013.

**THE HARRIS FIRM, PC**

EASTON K. HARRIS, ESQ.
Nevada Bar No.: 010611
THE HARRIS FIRM, PC
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
*Attorney for Plaintiff – Audra Duvall*

THE HARRIS FIRM
9960 West Cheyenne Ave, Suite 250
Las Vegas, Nevada 89129
Tel: 702.202.1450 | Fax: 702.240.9716
www.theharrisfirmpc.com

STARR000083

## <u>VERFICATION OF MICHAEL JOHN DUVALL</u>

STATE OF NEVADA      )
                        ) ss.
COUNTY OF CLARK     )

MICHAEL JOHN DUVALL, being first duly sworn upon his oath deposes and states:

1.      That he is a Plaintiff, herein, and that he has read the above and foregoing Second Amended Verified Complaint and knows the contents thereof;

2.      That the facts alleged in the Second Amended Verified Complaint are true of his own personal knowledge, except to those statements made therein upon information and belief, and as to those, he believes them to be true

FURTHER, AFFIANT SAYETH NOT.

_____
MICHAEL JOHN DUVALL

SUBSCRIBED AND SWORN to before me
this ___8th___ day of  May, 2013.

VANESSA MANLIGUES
Notary Public State of Nevada
No. 11-5554-1
My Appt. Exp. August 23, 2015

_____
Notary Public in and for the above
State and County.

## SECOND AMEDED VERFICATION OF AUDRA DUVALL, PhD.

STATE OF NEVADA       )
                       ) ss.
COUNTY OF CLARK     )

AUDRA DUVALL, PhD., being first duly sworn upon her oath deposes and states:

1.      That she is a Plaintiff, herein, and that she has read the above and foregoing Verified Complaint and knows the contents thereof;

2.      That the facts alleged in the Second Amended Verified Complaint are true of her own personal knowledge, except to those statements made therein upon information and belief, and as to those, he believes them to be true

FURTHER, AFFIANT SAYETH NOT.


AUDRA DUVALL, PhD


SUBSCRIBED AND SWORN to before me
this _8th_ day of May, 2013.


Notary Public in and for the above
State and County.

VANESSA MANLIGUES
Notary Public State of Nevada
No. 11-5554-1
My Appt. Exp. August 23, 2015

STARR000085