# EXHIBIT C

# EXHIBIT C

# CIVIL COVER SHEET

A-13-678512-C
XX

<u>Clark</u> County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

---

## I. Party Information

| | |
|---|---|
| Plaintiff(s) (name/address/phone): STACEY ACKERMANN<br><br>v.<br><br>Attorney (name/address/phone):<br>Bradley S. Mainor, Esq. / Joseph J. Wirth, Esq.<br>1215 S. Ft. Apache Rd., Ste. 120<br>Las Vegas, Nevada  89117                    (702) 464-5000 | Defendant(s) (name/address/phone): APOSSEADESSE III, LLC, LIMMIE YOUNG<br><br><br>Attorney (name/address/phone):<br>N/A<br>N/A |

---

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|
| ☐ **Landlord/Tenant**<br>  ☐ Unlawful Detainer<br>☐ **Title to Property**<br>  ☐ Foreclosure<br>  ☐ Liens<br>  ☐ Quiet Title<br>  ☐ Specific Performance<br>☐ **Condemnation/Eminent Domain**<br>☐ **Other Real Property**<br>  ☐ Partition<br>  ☐ Planning/Zoning | **Negligence**<br>☐ **Negligence – Auto**<br>☐ **Negligence – Medical/Dental**<br>☐ **Negligence – Premises Liability**<br>       (Slip/Fall)<br>☒ **Negligence – Other** | ☐ **Product Liability**<br>  ☐ Product Liability/Motor Vehicle<br>  ☐ Other Torts/Product Liability<br>☐ **Intentional Misconduct**<br>  ☐ Torts/Defamation (Libel/Slander)<br>  ☐ Interfere with Contract Rights<br>☐ **Employment Torts** (Wrongful termination)<br>☐ **Other Torts**<br>  ☐ Anti-trust<br>  ☐ Fraud/Misrepresentation<br>  ☐ Insurance<br>  ☐ Legal Tort<br>  ☐ Unfair Competition |

| Probate | Other Civil Filing Types |
|---|---|
| ☐ **Summary Administration**<br>☐ **General Administration**<br>☐ **Special Administration**<br>☐ **Set Aside Estates**<br>☐ **Trust/Conservatorships**<br>  ☐ Individual Trustee<br>  ☐ Corporate Trustee<br>☐ **Other Probate** | ☐ **Construction Defect**<br>  ☐ Chapter 40<br>  ☐ General<br>☐ **Breach of Contract**<br>  ☐ Building & Construction<br>  ☐ Insurance Carrier<br>  ☐ Commercial Instrument<br>  ☐ Other Contracts/Acct/Judgment<br>  ☐ Collection of Actions<br>  ☐ Employment Contract<br>  ☐ Guarantee<br>  ☐ Sale Contract<br>  ☐ Uniform Commercial Code<br>☐ **Civil Petition for Judicial Review**<br>  ☐ Other Administrative Law<br>  ☐ Department of Motor Vehicles<br>  ☐ Worker's Compensation Appeal | ☐ **Appeal from Lower Court** (also check applicable civil case box)<br>  ☐ Transfer from Justice Court<br>  ☐ Justice Court Civil Appeal<br>☐ **Civil Writ**<br>  ☐ Other Special Proceeding<br>☐ **Other Civil Filing**<br>  ☐ Compromise of Minor's Claim<br>  ☐ Conversion of Property<br>  ☐ Damage to Property<br>  ☐ Employment Security<br>  ☐ Enforcement of Judgment<br>  ☐ Foreign Judgment – Civil<br>  ☐ Other Personal Property<br>  ☐ Recovery of Property<br>  ☐ Stockholder Suit<br>  ☐ Other Civil Matters |

---

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only*.)

| | | |
|---|---|---|
| ☐ NRS Chapters 78-88<br>☐ Commodities (NRS 90)<br>☐ Securities (NRS 90) | ☐ Investments (NRS 104 Art. 8)<br>☐ Deceptive Trade Practices (NRS 598)<br>☐ Trademarks (NRS 600A) | ☐ Enhanced Case Mgmt/Business<br>☐ Other Business Court Matters |

---

3-18-13
Date

_Signature of initiating party or representative_

Form PA 201

STARR000047

Electronically Filed
03/18/2013 02:58:28 PM

**COMP**
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
**MAINOR WIRTH, LLP**
1215 S. Fort Apache, Ste. 120
Las Vegas, Nevada 89117
(702) 464-5000
(702) 463-4440 Facsimile
bmainor@mainorwirth.com
jwirth@mainorwirth.com
Attorneys for Plaintiff

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

STACEY ACKERMANN, Individually,          )
                                         )
                    Plaintiff,           )      CASE NO.: A-13-678512-C
                                         )      DEPT. NO.:    XX
vs.                                      )
                                         )
APOSSEADESSE III, LLC, a Nevada          )
Limited Liability Company, d/b/a MASSAGE )
ENVY SPA, LIMMIE YOUNG, III,             )
individually, DOES II-X inclusive, and   )
ROES I-X, inclusive;                     )
                                         )
                    Defendants.          )
_____)

### COMPLAINT

COMES NOW Plaintiff, STACEY ACKERMANN, by and through her attorneys, BRADLEY S. MAINOR, ESQ. and JOSEPH J. WIRTH, ESQ. of the law firm of MAINOR WIRTH and for her claims for relief against Defendants alleges as follows:

I.

### PARTIES AND JURISDICTION

1.      Plaintiff, STACEY ACKERMANN, is, and at all relevant times herein was, a resident of Clark County, State of Nevada.

STARR000048

2.      Plaintiff is informed and believes, and thereupon alleges, that Defendant, APOSSEADESSE III, LLC, is and at all relevant times herein was, a Nevada limited liability company duly licensed under the laws of the State of Nevada, and doing business in Clark County, State of Nevada.

3.      Plaintiff is informed and believes, and thereupon alleges, that Defendant, LIMMIE YOUNG, III is, and at all relevant times herein was, a resident of Clark County, State of Nevada.

4.      That all the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, State of Nevada.

5.      The identities of the Defendants, DOES I through X, are unknown at this time and may be individuals, partnerships or corporations.  Plaintiff alleges that each of the Defendants designated herein as DOE DEFENDANTS are responsible in some manner for the damages herein alleged.  Plaintiff will request leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

6.      The names and capacities, whether individual, corporate, associates, co-partnership, or any other business form or entity of defendants named herein as ROE CORPORATIONS I through X, inclusive, are unknown at this time and therefore said defendants are sued by such fictitious names.  The roles of these defendants may include, but is not necessarily limited to, (i) owning and/or operating any boxing and/or fitness equipment that caused or contributed to the losses, injuries, and damages alleged herein, (ii) employees, agents, servants, and/or joint ventures of the defendants named herein responsible in some manner for the losses, injuries, and damages alleged herein, (ii) managers with some control over and responsibility for the premises upon which the losses, injuries, and damages alleged herein occurred, (iii) business entities controlled by and/or associated with the defendants named herein, including but not limited to parent corporations, wholly owned subsidiaries, and/or alter egos, (iv) persons and/or business entities

2

STARR000049

who bear some responsibility for the policies and procedures that caused or contributed to the losses, injuries, and damages alleged herein, (v) active tortfeasors individually responsible in some manner for the losses, injuries, and damages alleged herein, (vi) passive tortfeasors individually responsible in some manner for the losses, injuries, and damages alleged herein, (vii) employers, principles, masters, and/or joint ventures of the defendants named herein responsible in some manner for the losses, injuries, and damages alleged herein, and (viii) individuals and/or business entities involved in the design, assembly, manufacture, advertisement, marketing, sale, distribution, packaging, and/or installation of product(s) and/or component(s) that caused or contributed to the losses, injuries, and damages alleged herein. Based upon information and belief, the defendants so designated herein as ROE CORPORATIONS I through X, inclusive, are responsible in some manner for their agency, master/servant or joint venture relationship with the defendants named herein, or otherwise contributed to, as a proximate cause, the events complained of herein. Leave of this Court will be requested to amend this complaint to name the defendants specifically when their identities become known.

7.     Plaintiff is informed and believes and thereupon alleges that at all relevant times, each of the Defendants, including such fictitiously named Defendants, were the agents and employees of each of the remaining Defendants and were at all times mentioned, acting within the course and scope of that agency and employment. Each of the Defendants authorized and ratified the acts of the remaining Defendants.

## II.

## FIRST CAUSE OF ACTION
### *Negligence*

8.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 7 above as if fully set forth herein.

9.     At all times herein relevant, Defendants APOSSEADESSE III, LLC, d/b/a

3

STARR000050

MASSAGE ENVY SPA and/or DOES I through X, were the owners and/or operators of a certain massage spa wherein the incident herein below occurred.

10.   On or about May 21, 2011, Plaintiff STACEY ACKERMANN (hereinafter "STACEY") was a business invitee at Defendant APOSSEADESSE III, LLC's establishment located at 5643 Centennial Center Blvd., Ste. 135, in Las Vegas, Nevada.

11.   On that date, while undergoing a massage, Defendant LIMMIE YOUNG III, proceeded to initiate unwanted, harmful and offensive sexual contact against Plaintiff.

12.   On information and belief, Plaintiff alleges that Defendants, including DOES I through X, were the owners, employers, family members and operators of said massage spa, while in the course and scope of employment and/or family purpose, which was entrusted in such a negligent and careless manner so as to injure Plaintiff STACEY's person.

13.   As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

14.   As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

15.   That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

### III.

### SECOND CAUSE OF ACTION
*(Negligence Per Se)*

16.   Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 15

4

above as if fully set forth herein.

17.     At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

18.     That Plaintiff is a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

19.     That the injuries suffered by Plaintiff were the type of injuries which said statutes, ordinances, and regulations were intended to prevent.

20.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

21.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

22.     That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

**IV.**

**THIRD CAUSE OF ACTION**
(*Intentional Infliction of Emotional Distress*)

23.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 22 above as if fully set forth herein.

24.     Defendant, LIMMIE YOUNG, III, by unlawfully initiating unwanted, harmful and offensive sexual contact against Plaintiff, intentionally subjected Plaintiff to severe emotional distress.

5

25.     As a direct and proximate result of the harmful and offensive conduct initiated by Defendant LIMMIE YOUNG, III, Plaintiff suffered severe emotional distress.

26.     As a further direct and proximate result of the severe emotional distress arising from Defendant LIMMIE YOUNG III's intentional infliction of emotional distress, Plaintiff is entitled to an award of compensatory, special damages in her favor and against the Defendant, LIMMIE YOUNG, III.

27.     As a further direct and proximate result of the negligence of Defendant, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

28.     That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

**V.**

**FOURTH CAUSE OF ACTION**
**(*Respondeat Superior*)**

29.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 28 above as if fully set forth herein.

30.     Because Defendant LIMMIE YOUNG, III, was acting within the course and scope of his employment, service, or agency with Defendant APOSSEADESSE III, LLC, d/b/a MASSAGE ENVY SPA, said Defendant is vicariously liable for the injuries sustained by Plaintiff as alleged above.

31.     That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

6

STARR000053

**VI.**

**FIFTH CAUSE OF ACTION**
(*Negligent Hiring, Training and Supervision*)

32.      Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 31 above as if fully set forth herein.

33.      Defendant APOSSEADESSE III, LLC, d/b/a MASSAGE ENVY SPA, and/or Doe Defendants, had a duty to exercise due care in the selection, training, supervision, oversight, direction, retention and control of its employees and/or agents, retained by it to perform and provide services.

34.      Defendant APOSSEADESSE III, LLC, d/b/a MASSAGE ENVY SPA, and/or Doe Defendants, owed a duty to Plaintiff to hire responsible employees with proper moral character and background to perform their work responsibly without invading the rights of Plaintiff, as Defendant LIMMIE YOUNG, III did when he initiated unwanted, harmful and offensive sexual contact against Plaintiff.

35.      Defendants breached the above-referenced duty when they negligently, carelessly, and recklessly hired, trained, supervised, oversaw, directed and/or retained Defendant LIMMIE YOUNG, III.

36.      Defendants further breached the above-referenced duty when they continued to retain Defendant LIMMIE YOUNG, III, when they knew, or should have known, of a previous complaint of a similar nature lodged against Defendant YOUNG, prior to the instant action against Plaintiff STACEY ACKERMANN.

37.      As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and

7

STARR000054

compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

38.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

39.     That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## VI.

## SIXTH CAUSE OF ACTION
### (*Punitive Damages*)

40.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 39 above as if fully set forth herein.

41.     The acts and gross conduct of Defendant LIMMIE YOUNG, III and Defendant , APOSSEADESSE III, LLC, d/b/a MASSAGE ENVY SPA, as herein alleged, were intended to cause harm and injury to Plaintiff, as Defendant engaged in despicable and egregious conduct with a willful and conscious disregard of the rights of Plaintiff.  The acts and conduct of Defendants subjected Plaintiff to cruel and unjust conduct in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

42.     As a direct and proximate causes of the gross negligence and conduct of Defendant's unwanted, harmful and offensive sexual contact upon her person,  Plaintiff was seriously injured and caused to suffer intense physical and mental pain, shock and agony, some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

43.     As a further direct and proximate result of the negligence of Defendants, and each

8

of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

44.     That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## VII.

### SEVENTH CAUSE OF ACTION
#### (*Res Ipsa Loquitor*)

45.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 44 above as if fully set forth herein.

46.     The events herein described do not normally occur absent negligent conduct.  As a direct and proximate result of Defendant's negligence, Plaintiff was exposed to the gross conduct of their employee, Defendant LIMMIE YOUNG, a sexual predator, who performed unwanted, harmful and offensive sexual contact upon her person.

47.     At the time of the occurrence, Plaintiff was a paying patron of Defendant MASSAGE ENVY SPA, and Defendant, LIMMIE YOUNG, was under the control and supervision of his employer, Defendant MASSAGE ENVY SPA, who had exclusive control over the safety and welfare of their patrons, such as the Plaintiff.

48.     Pursuant to the doctrine of Res Ipsa Loquitur and the clear negligence of Defendants, and each of them, Plaintiff STACEY ACKERMANN, was seriously injured and caused to suffer intense mental pain, shock, and agony, some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

49.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto,

STARR000056

and Plaintiff may be required in the future to incur expenses for medical care and treatment.

50.     That Plaintiff has been required to retain the services of MAINOR WIRTH, LLP

to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff prays judgment of this Court as follows:

1.   General and compensatory damages in an amount in excess of $10,000.00;

2.   For special damages in excess of $10,000.00;

3.   Medical and incidental expenses incurred and to be incurred;

4.   For punitive damages in an amount to be determined at trial;

5.   Costs of suit, reasonable attorney fees, interest incurred herein; and

6.   For other and further relief as is just and proper.

DATED this _18_ day of March, 2013.

MAINOR WIRTH, LLP

BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
1215 S. Fort Apache Rd. Ste.120
Las Vegas, Nevada 89117
(702) 464-5000
(702) 463-4440 Facsimile
Attorneys for Plaintiff

10

STARR000057

**IAFD**
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
**MAINOR WIRTH, LLP**
1215 S. Fort Apache, Ste. 120
Las Vegas, Nevada 89117
(702) 464-5000
(702) 463-4440 Facsimile
bmainor@mainorwirth.com
jwirth@mainorwirth.com
Attorneys for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| STACEY ACKERMANN, Individually,<br><br>            Plaintiff,<br><br>vs.<br><br>APOSSEADESSE III, LLC, a Nevada<br>Limited Liability Company, d/b/a MASSAGE<br>ENVY SPA, LIMMIE YOUNG, III,<br>individually, DOES II-X inclusive, and<br>ROES I-X, inclusive;<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.: A - 1 3 - 6 7 8 5 1 2 - C<br>)   DEPT. NO.:   X X |

## INITIAL APPEARANCE FEE DISCLOSURE
### (NRS CHAPTER 19)

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

STACEY ACKERMANN                     $270.00

TOTAL REMITTED:                  $270.00

STARR000058

DATED this ___18___ day of March, 2012.

**MAINOR WIRTH, LLP**

BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
1215 S. Fort Apache Rd. Ste.120
Las Vegas, Nevada 89117
(702) 464-5000
(702) 463-4440 Facsimile
Attorneys for Plaintiff

2

STARR000059