UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LIMMIE YOUNG, III, *et al.*,<br><br>Defendants. | Case No. 2:14-cv-00239-RFB-NJK<br><br>**<u>ORDER</u>** |

### I. INTRODUCTION

This is a declaratory relief action in which Plaintiff Starr Indemnity & Liability Company ("Starr") seeks a declaration under its insurance policy that there exists no duty to defend or indemnify its insured, Defendant Limmie Young, III, in two lawsuits brought against Young in Nevada state court. Starr seeks declaratory relief on the basis of several exclusions contained in its insurance policy with Young, arguing that Young's conduct, as alleged in the state court lawsuits, falls within these exclusions. Because the Court finds that the interpretation of Young's conduct that would exclude coverage is not the only fair interpretation that could be made, the Court denies Starr's Motion for Summary Judgment (ECF No. 23). The Court therefore also denies Starr's Motion to File Supplemental Brief (ECF No. 43).

### II. BACKGROUND

#### A. Undisputed Facts

Based on the parties' submissions, and in light of the principle that upon a party's default "the general rule is that well-pled allegations in the complaint regarding liability are deemed

1 true," Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002), the Court finds the
2 following facts to be undisputed.

3     At all times relevant to this case, Young was employed by Massage Envy as a massage
4 therapist. Defendants Audra Duvall and John Duvall filed a complaint in Nevada state court
5 against Young for allegedly inappropriately touching and sexually assaulting Ms. Duvall while
6 she was receiving a massage (the "Duvall Suit"). The Duvalls alleged that Young was selected to
7 perform Audra's massage and that he engaged in multiple highly inappropriate and offensive
8 acts, such as rubbing his arms against her chest and occasionally touching her breasts,
9 performing stretches and movements to cause her modesty blanket to fall off, leaning into her so
10 that his pelvis and genitalia made contact with hers, and placing his erect penis in her hand. The
11 Duvalls alleged the following causes of action against Young in their state lawsuit: negligence,
12 gross negligence, negligence *per se*, negligent infliction of emotional distress, intentional
13 infliction of emotional distress, civil assault, civil battery, and loss of consortium.

14     Defendant Ackermann also filed a complaint in Nevada state court against Young for
15 allegedly inappropriately touching and sexually assaulting her while she was receiving a massage
16 (the "Ackermann Suit"). Ackermann alleged that Young initiated unwanted, harmful, and
17 offensive sexual contact against her while performing a massage. She did not allege any specific
18 facts as to the actions taken by Young. Ackermann alleged the following causes of action against
19 Young in her state lawsuit: negligence, negligence *per se*, intentional infliction of emotional
20 distress, punitive damages, and *res ipsa loquitur*.

21     During the incidents alleged in the Duvall and Ackermann Suits, Young was insured
22 under a General Liability Policy issued by Starr. Under this policy, Starr agreed to "pay those
23 sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or
24 'property damage' to which this insurance applies" and agreed to defend the insured against any
25 suit seeking those damages. The Policy only covers damages from "bodily injury" if it is caused
26 by an "occurrence," which is defined as "an accident, including continuous or repeated exposure
27 to substantially the same general harmful conditions."

28     The Policy also contains several exclusions from coverage, three of which are relevant

here. The first is an "Expected or Intended Injury" exclusion, which states that there is no coverage for bodily injury that is "expected or intended from the standpoint of the insured." Second, the Policy contains an "Abuse or Molestation" exclusion stating that there is no coverage for bodily injury arising out of "actual or threatened abuse or molestation by anyone of any person while in the care, custody, or control of any insured." The final exclusions is for "Assault and Battery," which states that the Policy does not apply to bodily injury arising out of "(1) assault and battery or any act or omission in connection with the prevention or suppression of such acts; or (2) harmful or offensive contact between or among two or more persons; or (3) apprehension of harmful or offensive contact between or among two or more persons; or (4) threats by words or deeds." The assault and battery exclusion also excludes from coverage claims for emotional distress, loss of society, loss of services, loss of consortium, loss of income, and reimbursement for medical expenses and wages incurred by any person or organization asserting rights derived from a claim of assault or battery.

After the initiation of the Duvall and Ackermann Suits, Young requested indemnity from Starr. Starr undertook Young's defense in these suits under a reservation of rights, including its right to file a declaratory judgment action seeking an order that it owes no coverage under the Policy for the claims asserted against Young.

**B. Procedural History**

Starr brought this declaratory judgment action against Defendants Limmie Young, III, Stacey Ackermann, Audra L. Duvall, Michael John Duvall, and Aposseadesse III, LLC d/b/a Massage Envy Spa on February 13, 2014. ECF No. 1. On May 1, 2014, Starr filed a Motion for Summary Judgment against all Defendants. ECF No. 23. Ackermann, Audra Duvall, John Duvall, and Aposseadesse have all responded to the Motion for Summary Judgment. Young did not respond, however, and the Court entered default judgment against him pursuant to Starr's motion on September 3, 2015. ECF No. 37. The Court held a hearing on Starr's Motion for Summary Judgment on September 29, 2015, at which it took the motion under submission. Following the hearing, the Court denied the motion and stated that a written order would issue. Minutes of Proceedings, ECF No. 40. This Order sets forth the reasoning for the Court's ruling

and largely tracks the reasons stated on the record at the September 29, 2015 hearing.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

When the party moving for summary judgment also bears the burden of persuasion at trial, "to prevail on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008) (citation and internal quotation marks omitted); see also So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (moving party with burden of persuasion at trial must "establish beyond controversiy every essential element" of its claim) (internal quotation marks omitted). To make this showing, the moving party "bears the initial burden of establishing the absence of a genuine issue of fact on each issue material to" its claim or affirmative defense. Houghton v. South, 965 F.2d 1532, 1537 (9th Cir. 1992). If it does so, the opposing party cannot simply rest on its pleadings, but "must set forth specific facts," by affidavit or otherwise, "showing that there is a genuine issue for trial." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) (citation and internal quotation marks omitted).

### IV. ANALYSIS

After reviewing the parties' briefs and the evidence in the record, the Court finds that the allegations in the Duvall and Ackermann Suits are susceptible to multiple fair interpretations, and are therefore sufficient to trigger Starr's duty to defend. Accordingly, summary judgment is denied.

- 4 -

### A. Effect of Default Judgment Against Young

Before turning to the Motion for Summary Judgment, the Court addresses Starr's argument, made at the September 29, 2015 hearing, that summary judgment must be granted in its favor based upon the fact that default judgment has been entered against Young and he is deemed to have admitted the allegations in the Complaint. The Court finds that the remaining defendants have interests in this case and have standing to litigate on the merits, as they are seeking to protect their interests in any judgment that may be entered in their favor in the underlying state court suits. The default judgment entered against Young therefore does not foreclose the remaining defendants from opposing Starr's motion. See Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1188-90 (9th Cir. 2009) (injured third parties have standing to contest a declaratory judgment action between an insurer and an insured, and the entry of default judgment against the insured should not prejudice the ability of injured third parties to litigate on the merits). The Court therefore declines to enter a final judgment against Young at this time, as doing so would prove fatal to the remaining defendants' interests.

### B. Starr's Motion for Summary Judgment Is Denied

#### *1. Choice of Law*

As a threshold matter, the Court considers which state's law is applicable to the claims in this case. "A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court, 134 S.Ct. 568, 582 (2013). To determine which state's law to apply to claims involving contracts, Nevada uses the "substantial relationship" test outlined in the Restatement (Second) of Conflicts of Law.[1] Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc., 971 P.2d 1251, 1253 (Nev. 1998); Sotirakis v. United Serv. Auto. Ass'n, 787 P.2d 788, 790 (Nev. 1990). To determine whether a state possesses a substantial relationship with a contract, courts consider five factors: "[1] the place of contracting, [2] the place of negotiation of the contract, [3] the place of performance, [4] the location of the subject matter of the contract, and [5] the domicile, residence, nationality, place

---

[1] While courts generally give effect to forum-selection clauses within contracts, see Progressive Gulf Ins. Co. v. Faehnrich, 327 P.3d 1061, 1064 (Nev. 2014), the insurance policy at issue in this case does not appear to contain such a clause.

- 5 -

of incorporation and place of business of the parties." Consol. Generator, 971 P.2d at 1253-54. Additionally, applying another state's law must not violate a strong public policy of Nevada. Id. at 1254. Courts apply these factors to decide which state bears the most significant relationship to the contract. Id.

Applying these factors, the Court finds that Nevada law governs the causes of action in this case. The Court finds that the first and second factors are neutral, as the Court lacks any information as to the place of contracting or the place of negotiation of the contract.[2] The third factor weighs in favor of applying Nevada law. The insurance policy specifically lists Young as a participating member in the insurance policy, and Young's address is in North Las Vegas, Nevada. Further, Young was employed as a massage therapist by Massage Envy in Nevada. The Court therefore finds that the place of performance of the contract was Nevada. The fourth factor also favors Nevada law, as the subject matter of the contract—Young and the massage therapy services he provided—was located in Nevada. Finally, the fifth factor is neutral because the insurance underwriter (Starr), named insured (Sports and Recreation Providers Association Purchasing Group), and participating member (Young) appear to each be residents of different states.

Taking these factors together, the Court finds that Nevada law applies to Starr's declaratory relief claims and the interpretation of the insurance policy at issue in this case. The Court now turns to the merits of Starr's claims.

### 2. Law Governing Insurance Policies in Nevada

"An insurance policy is a contract of adhesion and should be interpreted broadly, affording the greatest possible coverage to the insured." Farmers Ins. Grp. v. Stonik By & Through Stonik, 867 P.2d 389, 391 (Nev. 1994). "[I]f an insurer wishes to exclude coverage by virtue of an exclusion in its policy, it must (1) write the exclusion in obvious and unambiguous language in the policy, (2) establish that the interpretation excluding [coverage] under the exclusion is the only interpretation of the exclusion that could fairly be made, and (3) establish

---

[2] While the business addresses of the parties to the contract are located outside of Nevada, this does not indicate where the parties negotiated or entered into the contract.

that the exclusion clearly applies to this particular case." Powell v. Liberty Mut. Fire Ins. Co., 252 P.3d 668, 674 (Nev. 2011). "Because the insurer is the one to draft the policy, an ambiguity in that policy will be interpreted against the insurer." Id. at 672 (citations and internal quotation marks omitted). Whether an insurance policy is ambiguous "turns on whether it creates reasonable expectations of coverage as drafted." Id. While clauses providing coverage are broadly interpreted to give the insured the greatest coverage possible, clauses excluding coverage are narrowly construed against the insurer. Id. (citations and internal quotation marks omitted).

The duty to defend "is broader than the duty to indemnify because it covers not just claims under which the indemnitor is liable, but also claims under which the indemnitor *could be* found liable." Reyburn Lawn & Landscape Designers, Inc. v. Plaster Dev. Co., Inc., 255 P.3d 268, 277 (Nev. 2011) (emphasis added). "There is no duty to defend where there is no *potential* for coverage. In other words, an insurer . . . bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." United Nat'l Ins. Co. v. Frontier Ins. Co., Inc., 99 P.3d 1153, 1158 (Nev. 2004) (emphasis in original) (citations and internal quotation marks omitted). "A potential for coverage exists only when there is arguable or possible coverage. Determining whether an insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy." Id. The duty to defend continues throughout the entire litigation once it arises. Id. Finally, "[i]f there is any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the insured." Id. (emphasis added) (internal quotation marks omitted).

### 3. *Discussion*

In their state court action, the Duvalls allege that Young performed inappropriate and unwanted maneuvers to expose and touch Audra Duvall's breasts and to expose her genitalia, and that he pressed his genitalia against hers and against her hand. Ackermann does not allege specific facts in her state court complaint other than that Young initiated unwanted, harmful, and offensive sexual contact against her. Here, based on the allegations in the underlying state court complaints, the Court finds that there is a possibility that Young's conduct would be covered under the policy with respect to the state court complaints. Therefore, resolving all doubt in favor

1  of the insured, Starr's Motion for Summary Judgment must be denied.

### 1. Whether the Conduct Constitutes an "Occurrence"

Although Duvall and Ackermann allege in their suits that Young engaged in intentional or at least unwanted sexual behavior toward Duvall and Ackermann, the Court finds that there is a possibility that Young's actions were unintentional and therefore not excluded from coverage. That is, comparing the allegations in the Duvall and Ackermann Suits with the Policy, the Court finds it possible that the injury caused by Young's conduct constituted an "occurrence" under the Policy and that it does not fall within any of the exclusions.

Starr argues that Young's conduct cannot constitute an "occurrence," and is therefore not covered, because the Policy defines "occurrence" as an accident and the conduct alleged in the Duvall and Ackermann Suits was intentional. The Court disagrees. When determining whether coverage is available, courts must interpret insurance policies broadly to afford the greatest breadth of coverage to the insured. United Nat'l Ins. Co., 99 P.3d at 1156. Moreover, "[a]n insurance policy should be read as a whole, and its language should be analyzed from the perspective of one untrained in law or in the insurance business. Policy terms should be viewed in their plain, ordinary and popular connotations." Fourth St. Place v. Travelers Indem. Co., 270 P.3d 1235, 1239 (Nev. 2011), as modified on reh'g (May 23, 2012) (internal quotation marks omitted). Here, the Policy does not define the term accident; however, "a common definition of accident is 'a happening that is not expected, foreseen, or intended.'" Beckwith v. State Farm Fire & Cas. Co., 83 P.3d 275, 276 (Nev. 2004) (quoting Webster's New World Dictionary 8 (3d ed. 1988)). Although the *most* plausible reading of Duvall's and Ackermann's allegations may be that Young's alleged conduct was not accidental, it is not the *only* plausible or possible reading. It is certainly possible from the allegations that Young did not expect, foresee, or intend his conduct to constitute unwanted sexual contact. Therefore, the Court cannot say that there is no possibility that Young's conduct was accidental and therefore an "occurrence" entitled to coverage under the policy.

### 2. Policy Exclusions

The allegations also do not foreclose the potential for coverage on the basis of the abuse

or molestation exclusion, the intentional acts exclusion, or the assault and battery exclusion.

As outlined in the statement of facts, the abuse or molestation exclusion precludes coverage for any bodily injury arising out of actual or threatened abuse or molestation of any person while in the care, custody, or control of any insured. Although "abuse" and "molestation" are not defined in the Policy, it is clear that intentional and unwanted sexual contact by another constitutes "molestation" within the plain meaning of that term. The Duvall and Ackermann Suits allege that Young's conduct was indeed intentional and unwanted. However, the Court is not limited to these legal conclusions when determining whether there is a potential for coverage for Young's conduct. After reviewing what Young actually is alleged to have done, the Court concludes it is possible that Young's conduct does not fall within the abuse or molestation exclusion. There are potential explanations for Young's conduct (such as it being accidental) that are consistent with the allegations and that, if proven, would not trigger the exclusion.

The intentional acts exclusion precludes coverage for bodily injury that is "expected or intended from the standpoint of the insured." For the reasons stated above, the Court finds it possible that Young's alleged conduct was not expected or intended from his standpoint. Therefore, this exclusion does not bar coverage for Young in the underlying actions.

The assault and battery exclusion states that there is no coverage for any bodily injury arising from assault, battery, harmful or offensive contact between two persons, or the apprehension of such harmful or offensive contact. The Policy states that this exclusion applies "regardless of the degree of culpability or intent" of the insured. If the Court were to apply the assault and battery exclusion by its literal terms, no person who committed any act that resulted in bodily injury would ever be entitled to coverage, regardless of that person's mental state. This completely contradicts the Policy's statement that Starr will provide coverage for "bodily injury" caused by an "occurrence," which the Policy defines as an accident. Further, such a literal application would entirely vitiate the purposes of the insurance policy, one of which is to provide coverage for the type of accidental injury that is inevitable in a job that involves frequent bodily contact. Therefore, to the extent the assault and battery exclusion contradicts the policy's provision of coverage for accidental bodily injury, the Court declines to apply it given the policy

1 in Nevada of construing coverage broadly in favor of the insured. Under this interpretation, the Court finds that there is a possibility of coverage for Young's alleged acts because, as discussed previously, they could support a finding that his acts were negligent or accidental instead of intentional.

In sum, interpreting the Policy's exclusions narrowly (as it must), the Court finds that there is a potential for coverage under the Policy. Therefore, the Court cannot conclude that Starr has no duty to defend Young in the underlying lawsuits, and Starr's Motion for Summary Judgment is denied.

### C. Starr's Motion for Leave to File Supplemental Brief Is Denied

On July 26, 2016, Starr filed a Motion for Leave to File a Supplemental Brief in support of its Motion for Summary Judgment. ECF No. 43. In its motion, Starr informs the Court that the Duvall Action proceeded to trial and the jury found in favor of the Duvalls and found that Young engaged in oppressive or malicious conduct. Starr seeks leave to supplement its summary judgment motion to argue, on the basis of the jury's findings, that no coverage is available under the policy.

The Court finds that Starr has provided no legal authority in support of his Motion. Further, the Court finds no basis to permit supplementation at this time. In fact, Nevada law is clear that "[t]he duty to defend is broader than the duty to indemnify because it covers not just claims under which the indemnitor is liable, but also claims under which the indemnitor *could* be found liable." Reyburn Lawn, 255 P.3d at 277 (internal citation and quotation marks omitted) (emphasis added). The jury's findings in the Duvall Action do not change this Court's finding in this case that Starr has not shown that it had no duty to defend Young in that action given what was alleged in the Duvalls' complaint. This motion is therefore denied.

### V. CONCLUSION

For the reasons stated in this opinion,

**IT IS ORDERED** that Plaintiff Starr Indemnity & Liability Company's Motion for Summary Judgment (ECF No. 23) is DENIED.

1  **IT IS FURTHER ORDERED** that Plaintiff Starr Indemnity & Liability Company's
2  Motion for Leave to File Supplemental Brief (ECF No. 43) is DENIED.
3  **IT IS FURTHER ORDERED** that the parties shall file a status report within two weeks
4  of the date of entry of this Order informing the Court as to their positions on the length of trial in
5  this case.

7  DATED: August 16, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**