UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STARR INDEMNITY & LIABILITY COMPANY,

Plaintiff,

v.

LIMMIE YOUNG, III, *et al.*,

Defendants.

Case No. 2:14-cv-00239-RFB-NJK

**ORDER**

## I. INTRODUCTION

Before the Court are cross-motions for summary judgment by Plaintiff Starr Indemnity & Liability Company ("Starr") and Defendant Limmie Young, III. ECF Nos. 86, 88. The Court has previously provided its oral ruling on these motions. This order codifies the Court's reasoning as to these motions. For the reasons stated below, the Court grants Young's partial motion for summary judgment and finds that Starr is liable for breach of contract, with damages to be determined at trial. The Court denies Starr's motion for summary judgment as to claims for breach of contract and breach of the covenant of good faith and fair dealing, and declaratory relief, and grants Starr's motion as to claims for fraudulent, intentional, and/or negligent misrepresentation and unfair trade practices.

## II. BACKGROUND

### A. Undisputed Facts

The Court finds the following facts to be undisputed.

///

At all times relevant to this case, Young was employed by Massage Envy as a massage therapist and insured under a General Liability Policy issued by Starr. In Nevada state court, Defendants Audra Duvall and Michael Duvall filed suit against Young and Massage Envy, alleging that Young engaged in inappropriate sexual acts while performing a massage on Audra Duvall.

Under Young's General Liability Policy, damages from "bodily injury" were covered only if caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Policy also contains three relevant exclusions from coverage: (1) an "Expected or Intended Injury" exclusion, which states that there is no coverage for bodily injury that is "expected or intended from the standpoint of the insured"; (2) an "Abuse or Molestation" exclusion, which states that there is no coverage for bodily injury arising out of "actual or threatened abuse or molestation by anyone of any person while in the care, custody, or control of any insured"; and (3) an "Assault and Battery" exclusion, which states that the Policy does not apply to bodily injury arising out of "(1) assault and battery or any act or omission in connection with the prevention or suppression of such acts; or (2) harmful or offensive contact between or among two or more persons; or (3) apprehension of harmful or offensive contact between or among two or more persons; or (4) threats by words or deeds." The assault and battery exclusion also excludes from coverage claims for emotional distress, loss of society, loss of services, loss of consortium, loss of income, and reimbursement for medical expenses and wages incurred by any person or organization asserting rights derived from a claim of assault or battery.

During the Duvall litigation, Starr undertook Young's defense under a reservation of rights, including its right to file a declaratory judgment action seeking an order that it owes no coverage under the policy for the claims asserted against Young. Starr's insurance defense retained counsel, Marsha Stephenson, represented both Starr and Young. Starr also had separate coverage counsel. Starr did not obtain written consent from Young to be represented by the same counsel.

On February 18, 2016, Massage Envy made a $105,000 settlement offer to the Duvalls to resolve the case on behalf of both Massage Envy and Young. The Duvalls rejected this offer and

submitted a counter-offer seeking $105,000 to settle the case as to Young alone. This offer was not accepted, though it is disputed whether Young was advised of this offer. No other settlement offers were made by any party.

On February 22, 2017, judgment was entered against Young and Massage Envy jointly and severally in the amount of $59,675.50 as to Audra Duvall and $750.00 as to Michael Duvall for a total judgment of $60,425.50. Punitive damages were also awarded in the amount of $25,000 against Young and $75,000 against Massage Envy. United National Insurance Company paid the $64,425.50 judgment on or about July 13, 2017.

On September 8, 2017, Young entered into a settlement agreement with the Duvalls. The Duvalls agreed to waive any right to recover the $25,000 punitive damages award against Young and Young agreed that the Duvalls would receive 15% of any award against Starr in the present lawsuit.

It is undisputed that Starr offered to pay the settlement funds representing the punitive damages that were awarded to the Duvalls. However, Starr alleges that Young's defense counsel communicated this offer to Young via his wife on September 7, 2017, the day before the September 8 agreement, while Young alleges this offer occurred after Young entered the settlement agreement but does not specify a date.

On September 21, 2017, Starr paid the Duvalls' attorney $27,172.81 to cover the punitive damages award against Young.

**B. Disputed Facts**

The parties dispute whether Starr informed Young of a right to independent counsel at Starr's expense. Starr alleges it sent a reservation of rights letter with this information on October 28, 2013. Though the letter was allegedly sent by certified mail, there is no receipt in the record. Young contests receiving this letter. The letter states in relevant part: "[T]here is a conflict of interest between your interests and those of Starr. . . . *You have the right to be defended in the Ackermann and Duvall suits by counsel of your own choice under which Starr will pay for the reasonable costs incurred in your defense in the Ackermann and Duvall Suits.* Please contact the undersigned as soon as possible, to advise as to your selected defense counsel." ECF No. 92-3,

Ex. A (emphasis in original). Starr further alleges that counsel Marsha Stephenson discussed this right with Young. Young contests whether this right was appropriately explained to him.

**C. Procedural History**

Starr brought this action against Defendants Limmie Young, III, Stacey Ackermann, Audra L. Duvall, Michael John Duvall, and Aposseadesse III, LLC d/b/a Massage Envy Spa on February 13, 2014, seeking a declaration that the General Liability Policy did not cover Young's conduct alleged in two pending state court actions brought by the Duvalls and by Stacey Ackermann. ECF No. 1. Default judgment was entered against Young on September 3, 2015. ECF Nos. 22, 37, 38.

On May 1, 2014, Starr filed a Motion for Summary Judgment against all Defendants, which was denied on August 17, 2016. ECF Nos. 23, 44. The Court found that the allegations in the state court lawsuits were sufficient to trigger Starr's duty to defend Young.

The matter was consolidated with action 2:17-cv-02449-JCM-GWF on October 25, 2017. ECF No. 54. In the consolidated action, Young filed a complaint against Starr asserting breach of contract; contractual or tortious breach of implied covenant of good faith and fair dealing; fraudulent, intentional, or negligent misrepresentation; negligence; unfair trade practices; and declaratory relief. ECF No. 54.

Young filed the instant partial motion for summary judgment on July 27, 2018. ECF No. 86. Starr filed its motion for summary judgment on July 30, 2018. ECF No. 88.

**III.    LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

/ / /

When the party moving for summary judgment also bears the burden of persuasion at trial, "to prevail on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008) (citation and internal quotation marks omitted); see also So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (moving party with burden of persuasion at trial must "establish beyond controversy every essential element" of its claim) (internal quotation marks omitted). To make this showing, the moving party "bears the initial burden of establishing the absence of a genuine issue of fact on each issue material to" its claim or affirmative defense. Houghton v. South, 965 F.2d 1532, 1537 (9th Cir. 1992). If it does so, the opposing party cannot simply rest on its pleadings, but "must set forth specific facts," by affidavit or otherwise, "showing that there is a genuine issue for trial." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) (citation and internal quotation marks omitted).

### IV. ANALYSIS

#### a. Young's Motion for Summary Judgment

Under Nevada law, to prevail on a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach." Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013). Young argues that summary judgment is appropriate on his breach of contract claim against Starr, with damages to be determined at trial. Young argues that Nevada law required Starr to provide independent counsel for Young's defense in the Duvall state court case or to obtain Young's informed, written consent to concurrent representation despite a conflict of interest per State Farm Mut. Auto. Ins. Co. v. Hansen, 357 P.3d 338 (Nev. 2015). Starr's failure to do so, Young argues, constitutes a breach of the policy.

Starr argues that Starr satisfied its duties by offering independent counsel to Young through the Reservation of Rights letter. Starr posits that Hansen does not require written consent to concurrent representation between an insured and insurer. Starr also argues that there are no damages for which Starr could be liable: Young has not paid any damages in the underlying state-

court action, another insurer paid the compensable damages, and the punitive damages were not paid by Young.

The Court finds that Starr breached its contractual duty to defend by not obtaining an explicit waiver from Young as to his right for independent counsel since Starr understood that an actual conflict of interest existed between itself and Young. The Court finds that Nevada law requires that an insurer obtain an explicit waiver of the right to independent counsel from an insured before it can proceed with dual or concurrent representation in an action in which an actual conflict of interest between the insurer and insured exists or has arisen. This requirement derives directly from the Nevada Supreme Court's decision in Hansen.

In Hansen, the Nevada Supreme Court addressed the certified question of whether "Nevada law require[s] an insurer to provide independent counsel for its insured when a conflict of interest arises between the insurer and the insured." 357 P.3d at 339. Specifically, the Nevada Supreme Court held that "[w]hen the insured and insurer have opposing legal interests, Nevada law requires insurers to fulfill their contractual duty to defend their insureds by allowing insureds to **select** their own independent counsel and **pay**[] for such representation." Id. (emphasis added). The Nevada Supreme Court concluded that such a requirement arises from the fact that Nevada is a dual representation state where an attorney, nonetheless, cannot jointly represent two clients where there exists an actual conflict of interest. Id. The Court explained that the requirement for separate counsel arises from the rules of professional conduct, specifically Rule 1.7(a), which prevent one attorney from representing two clients whose interest conflict. Id. The Court explicitly held that in the insurance context "[w]here the clients' interests conflict, the rules of conduct prevent the same lawyer from representing both clients." Id. at 341. The Court then explained that in such circumstances the insurer may only "satisfy its contractual duty to provide representation by permitting the insured to select independent counsel and by paying the reasonable costs of such counsel." Id. Thus, under Nevada law, an insurer's contractual duty to defend requires the insurer to provide the insured with the right to select separate independent counsel paid for by the insurer when an actual conflict arises between the interests of the insurer and the insured.

/ / /

1    The Court finds that under Nevada law in order for an insurer to demonstrate that it has
2    fulfilled its contractual duty to defend in a case where there is continued dual representation after
3    the emergence of an actual conflict, the insurer must demonstrate that the insured waived their
4    right to independent counsel.[1] Without the requirement of an explicit waiver as opposed to simply
5    notice, the insured's right to independent counsel would be unavailing. This conclusion stems
6    from several considerations. Under Nevada law, the insurer, while not explicitly a fiduciary, is
7    required to "adequately protect the insured's interests" and, most importantly, "equally consider
8    the insured's interests and its own." Allstate Ins. Co. v. Miller, 212 P.3d 318, 326 (Nev. 2009).
9    The insurer in many cases, including this case, will already have separate coverage counsel who
10   is advising the insurer about issues in the case and potential conflicts with insured. The insured,
11   on the other hand, generally starts the case with a shared attorney with dual representation and dual
12   loyalties. Thus, the retention of a separate attorney for the insured whose only loyalty is to the
13   insured, at a minimum, places the insured on 'equal' footing with the insurer which already has its
14   own separate attorney.

15         Additionally, the insured at the time a conflict arises will be in the confusing position, for
16   one unversed in the law, with trying to understand a.) what it actually means to have an actual
17   conflict with the insurer, b.) how they may not have actually received advice from the shared
18   attorney if such advice conflicted with the interests of the insurer, c.) what it means to have an
19   attorney who is not representing the insurer in the context of settlement negotiations, discovery
20   and trial, and d.) how an independent attorney's fees and expenses will be paid by the insurer while
21   the attorney's loyalty is only to the insured. This complex yet quite substantive—possibly
22   dispositive—set of considerations does not lend itself to written notice or explication from the very
23   attorney who has the actual conflict. See Leo P. Martinez, Coverage Advice: The Missing Piece

---

[1] The Court notes that it seems clear that an attorney has a separate obligation under Rule 1.7(a) to obtain a written waiver where a conflict arises in the context of a dual representation. However, the Court is not charged with the interpretation and application of the rules of conduct. The Court does note that whatever obligation the attorney in a dual representation case would have as to obtaining a waiver is separate and distinct from the insurer's obligation to obtain a waiver. That is because the insurer's obligation flows from its contractual duty to defend whereas the attorney's obligation arises from their professional ethical obligations to their clients. Thus, the nature of the waiver in terms of what is being knowingly relinquished is different for the attorney versus the insurer.

of the Cumis Puzzle, 43 Tort & Ins. L.J. 6344, (Summer/Fall 2008)(noting the secondary conflict of requiring an attorney who has established relationship with insurer explain the variegated aspects of the right to independent counsel to an insured with whom attorney is not likely to have a future business relationship). However, if the insurer is required to "adequately protect the insured's interests" these are precisely the considerations that must be clearly and unmistakably communicated to the insured before they can make an informed decision about whether or not to choose to have independent counsel paid for by the insurer. Miller, 212 P.3d at 326. The only reasonable way for an insurer to demonstrate that it has discharged its contractual duty is to obtain a waiver. "A waiver is the intentional relinquishment of a known right." Havas v. Atl. Ins. Co., 614 P.2d 1, 2 (Nev. 1980). That is to say that an insurer must obtain an explicit waiver from an insured as to their right to independent counsel where an actual conflict exists before the insurer may proceed with continued dual representation by an attorney for both the insured and insurer.

The Court finds that Starr breached its contractual duty to defend Young by not allowing him to select independent counsel. It is undisputed that an actual conflict existed in this case between Starr and Young. It is also undisputed that Starr did not obtain an explicit waiver, whether in writing or by other means, from Young for continued representation by joint counsel. It is undisputed that the reservation of rights letter purporting to inform Young of his right to independent counsel did not fully explain important aspects of his right to independent counsel, including but not limited to a.) the nature of the conflict that arose between Starr and Young and b.) the fact that Young would have right to "independent" counsel who would have no duty to report to or protect the interests of Starr. It is undisputed that there is not indication that Young affirmatively agreed to joint representation by Marsha Stephenson in this case after the conflict arose. The Court thus finds that Starr breached its duty to adequately allow Young to select his own counsel under Hansen and therefore grants summary judgment to Young on the breach of contract claim. Because Young argues that independent counsel would have pursued settlement and prevented financial, professional, and reputational harm he has sustained as a result of the judgment against him, Young's claim may proceed to trial for a factfinder's determination of damages, if any.

### b. Starr's Motion for Summary Judgment

#### i. Breach of Contract & Negligence

A contract claim requires Young to prove "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach." Rivera, 735 F.3d at 899. A negligence claim requires Young to prove "(1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." Turner v. Mandalay Sports Entm't, LLC, 180 P.3d 1172, 1175 (Nev. 2008).

Starr argues that Young can prove neither breach of contract nor negligence because Starr properly informed Young of his right to separate counsel. For the reasons discussed above, the Court finds that Starr in fact failed to adequately communicate with Young regarding his right to separate independent counsel. Starr breached its contractual duty to defend to Young by not adequately allowing him to select independent counsel. Summary judgment is denied as to Starr on these claims.

#### ii. Breach of Covenant of Good Faith and Fair Dealing

Starr argues that it cannot be liable under a bad faith refusal to settle theory. Starr cites to non-binding California law holding that if the insurer declines to settle and obtains a judgment below the settlement offer, it cannot be liable for failing to settle. See Johansen v. California State Auto. Assn. Inter-Ins. Bureau, 538 P.2d 744 (Cal. 1975); Safeco Ins. Co. v. Superior Court, 84 Cal. Rptr. 2d 43 (Cal. App. 1999). Here, the lowest settlement offer was $105,000 and trial damages, including punitive damages, were only $85,525.50.

However, Starr's argument does not contemplate the publicity and resultant reputational loss to Young of a jury verdict against him. Young argues that if he had been represented by independent counsel, he would have pursued and accepted a settlement offer. The Court therefore finds that Young's claim alleging a breach of the covenant of good faith and fair dealing, based on the allegation of a bad faith refusal to settle with the appointment of independent counsel, may proceed. The Court, however, finds that this claim essentially merges with the breach of contract claim as they both arise, in the insurance context, from the contractual duty to defend. A contractual duty which the Court has found was breached by Starr.

#### iii. Fraudulent, Intentional and/or Negligent Misrepresentation

Under Nevada law, the elements of a fraud claim are: "A false representation made by the defendant; Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; Plaintiff's justifiable reliance upon the misrepresentation; and Damage to the plaintiff resulting from such reliance." Bulbman, Inc. v. Nevada Bell, 825 P.2d 588, 592 (Nev. 1992).

Starr argues that Young has not identified a fraudulent, intentional, and/or negligent representation upon which he relied. Young responds that Starr misrepresented the extent of the policy's coverage. Young argues that Starr represented that the policy provided coverage for a massage therapist, that massage therapists engage in intentional touching, and that Starr has unreasonably argued that the policy doesn't cover Young's alleged conduct.

The Court finds that Young has not demonstrated a genuine dispute regarding this claim. Though Starr has consistently contested whether Young's alleged conduct fell within the terms of the policy, Starr nevertheless represented Young throughout the course of the state court litigation. Even if Starr had an insufficient basis for making the representation that Young's conduct was outside the policy prior to the jury's verdict, Young has not shown how he justifiably relied on such a misrepresentation or sustained any causational damages. The Court grants summary judgment as to the claim of fraudulent, intentional, and/or negligent misrepresentation.

### iv. Unfair Trade Practices

"[T]he provisions of Nev.Rev.Stat. § 686A.310 'address the manner in which an insurer handles an insured's claim whether or not the claim is denied.'" Zurich Am. Ins. Co. v. Coeur Rochester, Inc., 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). Nevada Revised Statute ("NRS") § 686A.310 lists 16 activities considered to be unfair practices in settling claims. See NRS § 686A.310. "No insurer shall be held guilty of having committed any of the acts prohibited by NRS 686A.010 to 686A.310, inclusive, by reason of the act of any agent, solicitor or employee not an officer, director or department head thereof, unless an officer, director or department head of the insurer has knowingly permitted such act or has had prior knowledge thereof." NRS § 686A.270. To survive summary judgment, a plaintiff must present "evidence that an officer,

director, or department head was aware of the conduct in question." Hackler v. State Farm Mut. Auto. Ins. Co., 210 F. Supp. 3d 1250, 1255 (D. Nev. 2016).

Starr argues in part that Young cannot succeed on his unfair trade practices claim because Young has not provided any evidence that any officer, director, or department head of Starr knowingly permitted a violation of NRS 686A.010 to 686A.310. Because Young has not identified any evidence showing that an officer, director, or department head knowingly permitted a violation of NRS 686A.310, as is required by NRS 686A.270, summary judgment is granted as to the NRS 686A.310 unfair practices claim.

### *v. Declaratory Relief*

The requirements for declaratory relief are as follows: "(1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination." Kress v. Corey, 189 P.2d 352, 364 (Nev. 1948) (citation omitted).

Starr argues that Young's claim for declaratory relief is not ripe because Young has obtained no judgment against Starr. Starr's reasoning suggests that Young would have to bring a separate action for declaratory relief subsequent to the present lawsuit if he obtained a judgment against Starr. Because no case law suggests that Young cannot request declaratory relief alongside other forms of relief on the basis of the same claims, summary judgment is denied as to the declaratory judgment claim.

### V.     CONCLUSION

For the reasons stated in this opinion,

**IT IS ORDERED** that Limmie Young, III's Motion for Partial Summary Judgment (ECF No. 86) is GRANTED as to the breach of contract claim. The case shall proceed to trial on damages as to these claims.

/ / /

**IT IS FURTHER ORDERED** that Starr Indemnity & Liability Company's Motion for Summary Judgment (ECF No. 88) is DENIED as to claims for breach of contract and breach of the covenant of good faith and fair dealing, and declaratory relief and GRANTED as to claims for fraudulent, intentional, and/or negligent misrepresentation and unfair trade practices.

DATED: March 31, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**